## COLORADO MANUF'G CO. v. McDONALD.

1. REDEMPTION OF LAND FROM EXECUTION SALE EFFECTED BY PAYMENT OF PURCHASE MONEY.— Under General Statutes of 1883, section 1851, which provides that a defendant in an execution sale may redeem by the payment of the purchase money, either to the purchaser or to the officer making the sale, the payment of the money by defendant, with the purpose of redemption, to the sheriff who sold the land on execution, and its receipt by the latter without objection, nullifies and abrogates the sale as between defendant and the purchaser, though the sheriff has not formally canceled the certificate of purchase, nor directed the execution of a certificate of redemption, as provided by section 1861, and though he has subsequently executed a deed of the land to the purchaser.

2. A SHERIFF'S DEED, EXECUTED AFTER REDEMPTION, IS A CLOUD ON THE TITLE MERELY.— The rights acquired by the purchaser at the execution sale being destroyed by the payment of the purchase money by the defendant, a deed subsequently executed to him by the sheriff conveys nothing, but constitutes a cloud on the title which may be removed, on bill filed for that purpose.

b. PARTIES TO ACTION FOR CANCELLATION OF DEED.— It is within the discretion of the trial court to order the sheriff who made the sale, and executed the deed to the purchaser, to be made a party to an action by the execution defendant against the purchaser for the cancellation of the deed; and, even if error, it would be no ground for reversing a correct decree canceling the deed.

*Appeal from District Court of Arapahoe County.*

THE case appears in the opinion.

Mr. F. A. WILLIAMS, for appellant.

Messrs. J. H. CROXTON and J. P. BROOKWAY, for appellee.

BISSELL, C.   In April, 1887, Ronald P. McDonald filed his bill in the district court against the Colorado Manufacturing Company to set aside a deed made to the company by the sheriff of Arapahoe county.   It appeared that in January, 1885, the company recovered a judgment in the county court of Arapahoe county for $77.86, and $25.45 costs.   Subsequently an execution issued upon the judgment, the sheriff levied upon certain lands, and on April 11, 1885, the property levied on was sold to the plaintiff in execution.   The property was bid in for the sum of $10, which was paid to the sheriff.   In October following, McDonald, through his attorney, attempted to redeem from the sale, and paid the sheriff, within the six months limited by the statute, $111.25.   There is some little controversy in regard to the reason for the payment of that particular sum of money.   In computing the amount of money necessary both to redeem and to satisfy the entire judgment and costs, the deputy, in whose hands the writ was, and who had made the sale and issued the certificate of purchase, seems to have made an error in regard to the amount necessary to accomplish both purposes.   This, however, is immaterial to the determination of the rights of the defendant in execution.   He paid the sheriff largely more than the purchaser paid upon the sale, and about $100 more than would have been necessary for him to effect a redemption.   That he intended to redeem, and paid the money for that purpose, with the full knowledge of the officer receiving it, who took it with like intent, and in execution of his statutory authority as an officer to permit redemption to be made through him, cannot be doubted.   Under these circumstances there can be no question but that the legal result of a redemption from the sale was thereby, under our peculiar statute, fully accomplished.   It is provided in the sections governing the right of redemption from execution sales that the defendant, within the time limited, may redeem upon payment of the sum paid upon the purchase, and that he may effectuate his redemption by giving the

money either to the purchaser or his representatives, or to the officer who made the sale. Unless something further is required to be done than to turn over the amount paid, either to the purchaser or to the officer, the redemption is effected by the simple act of payment, when it is coupled with the expressed intention to exercise the right. That nothing further is required is very evident from even a cursory examination of the statute. It is distinctly enacted that upon the payment of such sum the certificate of sale shall be null and void. Gen. St. 1883, §§ 1851, 1861.

While there is a section which contemplates the cancellation of the certificate of purchase, and directs the execution and record of a certificate of redemption, these subsequent statutory provisions were enacted apparently for the protection of the redemptioner, and to provide a way to furnish him with complete and satisfactory evidence of the release of his title from the burden and the cloud of the sale. The payment of the money to the proper person for the purpose of redemption, and with the intention to redeem, and its receipt without objection, serves to accomplish the full purpose of the statute, and to nullify and abrogate the sale. The rights of the redemptioner are unaffected by the failure to furnish him with proof of the act of redemption; and, though the certificate of purchase may remain as a cloud upon his title, his rights are fixed by the act which he has performed. There is no question arising in this case concerning the rights of third parties or innocent purchasers, and the above rules are absolutely true when it is sought to compel the purchaser at the sale to relinquish the apparent title which he holds by virtue of an uncanceled certificate of purchase. That the sheriff may have executed a deed attempting to assure the inchoate title obtained by the purchaser can make no difference. The redemption having been effected, the purchaser's rights were destroyed, and the sheriff could convey nothing by the instrument. The deed then remained a cloud upon the title of the complainant, which he was entitled to have re-

moved upon proper bill filed for the purpose. The court did not err in decreeing its cancellation, and establishing the complainant's rights.

During the progress of the litigation it transpired that the sheriff who executed the deed had gone out of office, and, upon application, the court ordered him to be made a party, and by decree directed him to execute a certificate of redemption as of the date when the complainant was entitled to it by what he had done. This is urged as error, but it is entirely unavailable. That it was within the discretion of the court to direct him to be made a party to the proceedings there can be no question; but, had the court committed error in making the order which it did, the appellant could not be heard to complain, nor would the cause be reversed for any such reason. The only person who could complain in regard to the matter would be the sheriff himself, who was, by the court's order, brought into the litigation. So long as the decree itself is right upon the case as made, the presence of the sheriff as a party furnishes no ground on which the appellant can ask a reversal of the case. This disposes of all the errors upon which the appellant relies for a reversal.

No error having been committed by the trial court, the judgment should be affirmed.

RICHMOND and REED, CC., concurring.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment below is affirmed.

*Affirmed.*