LEONARD, APPELLANT, *v.* WESTERN ET AL., RESPONDENTS.

(No. 5,777.)

(Submitted October 23, 1925. Decided November 16, 1925.)

[241 Pac. 523.]

*Execution—Redemption—When Completed—How Right Lost.*

Execution—Purchaser at Sale is Owner Subject to Redemption.
    1. The purchaser on execution sale becomes the actual owner of the property, subject only to the right of redemption, and as such is entitled to protect his interest and contest the right of the assignee of a subsequent judgment to redeem.

    74 Mont.—33

Same—Right of Redemption not Property Right but Privilege Only—How Right Lost.

2. The right to redeem is not a property right but a mere privilege which the redemptioner may waive, or be estopped to assert, or lose by satisfaction of the judgment under which right of redemption is claimed.

Same—When Redemption Complete.

3. Where one entitled to redeem from execution sale fully complies with the statutory requirements, such compliance results in a completed redemption, and a sheriff's deed to the property issued thereafter to the purchaser is void, since the redemption operated to transfer to the redemptioner all the right, title and interest acquired by the purchaser.

Same—"Redeem"—Definition.

4. The term "redeem" as employed in the redemption statute means repurchase and, as applied to a redemptioner, signifies the right to purchase the interest acquired by the purchaser at execution sale, whether the latter is willing or not.

Same—Redemption—Sheriff Agent of Purchaser, for What Purpose.

5. While the sheriff is the agent of the purchaser at execution sale for the purpose of receiving the money paid for redemption, he is not his agent in the sense that his receipt of it necessarily constitutes an acceptance thereof by the purchaser.

Same—Redemption With Demand on Purchaser for Accounting of Rents— When Completed.

6. A redemptioner, proceeding under section 9443, Revised Codes, must within one year from date of execution sale tender or pay the amount paid by the purchaser with interest up to the time of redemption; where, however, he proceeds under section 9448 and asks for an accounting of the rents and profits received by the purchaser, a tender is not necessary until an accounting has been made, either voluntarily, in which event the period of redemption is extended five days after it is made, or compulsorily by means of a suit in equity, in which case the period if extended fifteen days after final determination of the suit, but the redemption is not completed until the accounting is had, and the amount due determined and paid or tendered within time.

Same—Redemptioner Asking Accounting of Rents—Must Pursue Statutory Method.

7. Since the right to redeem is purely statutory, a redemptioner availing himself of the provisions of section 9448, Revised Codes, under which the amount he has to pay to the purchaser may be much less than he would have to pay if proceeding under section 9443, and under which the time within which redemption may be made is extended, must assume its burdens in order to enjoy its benefits.

Same—Redemptioner Limited to One of Two Statutory Methods Provided—Abortive Attempt to Redeem.

8. Where a redemptioner, proceeding under section 9443, above, deposited with the sheriff the amount paid by the purchaser at execution sale with interest, and at the same time demanded an accounting of the rents and profits received by the latter, which could only be done under section 9448 (see par. 6), the attempt to redeem under the former section was nullified and therefore the redemption not completed by the deposit.

[74 Mont. 513.]

Same—Right to Redeem Lost by Accepting Payment of Judgment.
   9.  Where the judgment debtor paid the amount of the judgment
   into court and the creditor accepted the amount in full payment,
   satisfaction and discharge of the judgment and the same was satis-
   fied of record before redemption had been completed by the creditor,
   the right to redeem was lost by such acceptance.

---

Executions, 23 C. J., sec. 722, p. 712, n. 66, New, 69, 70. sec. 735,
p. 717, n. 64; sec. 738, p. 720, n. 10, New; sec. 741, p. 721, n. 46;
p. 722, n. 52; sec. 742, p. 722, n. 53; sec. 746, p. 724, n. 85, 92, 94;
sec. 753, p. 727, n. 66, 68, 72 New; sec. 789, p. 748, n. 23 New.
   Judgments, 34 C. J., sec. 959, p. 630, n. 60.
   Redeem, 34 Cyc., p. 766, n. 30.

*Appeal. from District Court, Custer County; S. D. McKin-
non, Judge.*

ACTION by Mary Leonard against J. W. Western and others.
Judgment for defendants and plaintiff appeals.  Affirmed.

*Mr. P. F. Leonard,* for Appellant, submitted a brief and
argued the cause orally.

*Mr. Geo. W. Farr,* for Respondents, submitted a brief and
argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

Plaintiff instituted this action to enforce the following de-
mands: That the deed from the sheriff to Western and the
deed from Western to Cole be canceled of record; that Western
account for the rents and profits of the land in question; that
plaintiff be permitted to pay the amount found to be due and
necessary to redeem the property; and that the sheriff execute
and deliver to her a certificate of redemption.  The cause was
submitted to the trial court upon an agreed statement of facts
as follows:

In January, 1923, J. W. Nugent recovered a judgment against
A. B. Lindberg upon which an execution was issued, and
the lands belonging to Lindberg were levied upon and were
sold on February 17, 1923.  At the sale Nugent became the

purchaser of the property and received a certificate of sale, which he transferred immediately to J. W. Western. After the Nugent judgment was recovered, but before the sale, H. C. Thompson recovered a judgment against Lindberg, which became a lien upon the lands mentioned. About the same time James and Joseph Elzea commenced an action against Lindberg and procured a writ of attachment, which was levied upon the same lands. The Elzea claim was reduced to judgment and in October, 1923, the Thompson and Elzea judgments passed by assignment to Mary Leonard. On February 15, 1924, Mrs. Leonard deposited with the sheriff, the officer who made the sale, the amount for which the property had been sold, with interest thereon at one per cent per month, and offered to pay any assessments or taxes which Nugent or Western had paid on account of the property, with interest on such amount. At the same time she made due service of the papers required by section 9446, Revised Codes, and also served upon the sheriff and Western a notice of redemption and a demand for an accounting of the rents and profits received from the property from the date of the sale. The demand for an accounting was ignored, and on February 18, 1924, the sheriff executed and delivered to Western a deed for the property, and, on February 23, Western transferred a portion of the property by deed to Mabel E. Cole. These two deeds were duly recorded. On November 5, 1924, Lindberg paid into court the amount necessary to satisfy the Thompson and Elzea judgments, and, on November 15, Mrs. Leonard received and accepted the amount in full payment, satisfaction and discharge of the judgments, and the judgments were satisfied of record. The money deposited with the sheriff was never accepted or received by Western and still remains in the hands of the sheriff.

The trial court held that the money deposited with the sheriff is the property of Mrs. Leonard, subject to be withdrawn by her at any time; that she is not entitled to relief, and

rendered and entered a judgment dismissing the complaint. From that judgment this appeal is prosecuted.

While Nugent was in fact the purchaser at the sale, he transferred all his right, title and interest to Western; hence, to avoid repetition and confusion, Western will be treated as the purchaser.

It is conceded for all purposes of this appeal that the property sold was subject to redemption; that Lindberg, the judgment debtor, and Mrs. Leonard, the redemptioner, were the only persons entitled to redeem, and that Lindberg did not attempt to exercise his right.

Most of the questions discussed in the briefs are too well settled to admit of serious controversy, and may be stated briefly:

Up to February 15, 1924, at least, Western was the actual [1, 2] owner of the property, subject only to the right of redemption. Section 9441, Revised Codes, declares: "Upon a sale of real property, the purchaser is substituted to and acquires the right, title and interest, and claim of the judgment debtor thereto; and when the estate is less than a leasehold of two years' unexpired term, the sale is absolute. In all other cases the property is subject to redemption." (*McQueeney* v. *Toomey*, 36 Mont. 282, 122 Am. St. Rep. 358, 13 Ann. Cas. 316, 92 Pac. 561; *Citizens' Nat. Bank* v. *Western Loan & Building Co.*, 64 Mont. 40, 208 Pac. 893; *Dyer* v. *Schmidt*, 67 Mont. 6, 213 Pac. 1117.) As such owner, he was entitled to protect his interest and to contest the right of Mrs. Leonard to redeem (3 Freeman on Executions, sec. 323), for her right to redeem was not a property right but a mere privilege (*Hamilton* v. *Hamilton*, 51 Mont. 509, 526, 154 Pac. 717), which she could waive or be estopped to assert (23 C. J. 717), or which she could lose through the satisfaction of her judgments and the consequent destruction of her liens (*Ex parte Lawrence*, 4 Cow. (N. Y.) 417, 15 Am. Dec. 386; 3 Freeman on Executions, sec. 317). Whether Mrs. Leonard was or is entitled to re-

deem is a question which concerns her and Western only. (*White* v. *Costigan,* 134 Cal. 33, 66 Pac. 78.)

The right to redeem is conferred by statute, and if Mrs. [3] Leonard was entitled to exercise the right, and if she complied fully with the statutory requirements, she could - not be defeated (*Bailey* v. *Erny,* 68 Colo. 211, 189 Pac. 18), and her compliance will be treated as a completed redemption (sec. 7450, Rev. Codes; *Leet* v. *Armbruster,* 143 Cal. 663, 669, 77 Pac. 653; *Colorado Mfg. Co.* v. *McDonald,* 15 Colo. 516, 25 Pac. 712). If, then, she did redeem the property on February 15, the sheriff was without authority to convey the property to Western thereafter, and the deed was a nullity (*Phillips* v. *Hagart,* 113 Cal. 552, 556, 54 Am. St. Rep. 369, 45 Pac. 843), for her redemption operated to transfer to her all the right, title and interest which Western had acquired by his purchase (3 Freeman on Executions, sec. 321).

The term "redeem" means repurchase (*McQueeney* v. [4] *Toomey,* above; *Bunn* v. *Braswell,* 142 N. C. 113, 55 S. E. 85; Bouvier's Law Dictionary), and is an apt expression when applied to the right reserved to the judgment debtor, but is really a misnomer when applied to the right conferred upon a redemptioner. It is employed in the statute, however, and, as applied to a redemptioner, signifies the right to purchase the interest acquired by the purchaser, whether the latter is willing or not. (*McNutt* v. *Nuevo Land Co.,* 167 Cal. 459, 140 Pac. 6.)

In a qualified sense the sheriff is the agent of the purchaser [5] to receive the money necessary for a redemption; that is to say, the sheriff is constituted the depositary of the money (*Hamilton* v. *Hamilton,* above), but he is not the agent in the sense that his receipt of the money necessarily constitutes an acceptance of it by the purchaser (*Bennett* v. *Wilson,* 122 Cal. 509, 68 Am. St. Rep. 61, 55 Pac. 390).

With these principles in mind, the controversy before us is confined to very narrow limits. The primary question is: Did Mrs. Leonard effect a redemption of the property on

February 15, 1924? If she did, she was entitled to a deed upon the expiration of sixty days from that date (sec. 9444, Rev. Codes), and the trial court erred in denying her any relief. If she did not effect a redemption on February 15, the question then arises: Did she lose her right to redeem?

Whether, as between herself and Lindberg, she had the right to redeem on February 15, and, if she had such right, whether the exercise of it would cut off Lindberg's right to redeem on February 16 or 17, are questions not presented on this appeal. As between herself and Western, it is assumed that she had the right to redeem on February 15, and it is conceded that she presented all the papers and documents required by the statute and that she deposited with the sheriff an amount sufficient to redeem the property.

Our redemption statute (secs. 9441–9448, Rev. Codes) indicates the property subject to redemption, the persons who may redeem, the notice and evidence necessary, and the person or officer to whom payment must be made. Section 9443, so far as material here provides: "The judgment debtor, or redemptioner, may redeem the property from the purchaser any time within one year after the sale, on paying the purchaser the amount of his purchase, with one per cent per month thereon in addition, up to the time of redemption."

Section 9448, as applied to the facts of this case provides: "The purchaser, from the time of the sale until a redemption, * * * is entitled to receive, from the tenant in possession, the rents of the property sold, or the value of the use and occupation thereof. But when any rents or profits have been received by the * * * purchaser * * * from the property thus sold preceding such redemption, the amount of such rents and profits shall be a credit upon the redemption money to be paid; and if the redemptioner * * * before the expiration of the time allowed for such redemption, demands in writing of such purchaser * * * a written and verified statement of the amount of such rents and profits thus received, the period for redemption is extended five days after such sworn statement is

given by such purchaser. * * * If such purchaser * * *
shall, for a period of one month from and after such demand,
fail or refuse to give such statement, such redemptioner * * *
may bring an action, in any court of competent jurisdiction, to
compel an accounting and disclosure for such rents and profits,
and until fifteen days from and after the final determination
of such action, the right of redemption is extended to such re-
demptioner. * * * "

The supreme court of Washington, in considering a statute
[6] substantially the same as the two sections just quoted,
held that it provides two separate and distinct methods for
determining the amount to be paid by a redemptioner to effect
a redemption (*State ex rel. Bryant* v. *Starwich*, 131 Wash.
101, 229 Pac. 12), and the correctness of that conclusion is ap-
parent. The court might have gone further, for it is equally
apparent that the statute also provides different periods within
which the redemption may be made. If the redemptioner pro-
ceeds under section 9443, the amount necessary to be paid is
merely a matter of mathematical calculation, which amount
must be tendered within the period of redemption, which in
that event is limited strictly to one year from the date of the
sale; if, however, he proceeds under section 9448, the amount
necessary to be paid by him can be determined only by an ac-
counting, hence a tender is not necessary until the amount is
determined, and the period within which the redemption may
be made is extended according to the circumstances. If the
purchaser renders the account in response to the demand made
upon him, the period of redemption is extended five days after
such accounting is made; if the account is not rendered by the
purchaser within thirty days after the demand for it, the re-
demptioner must then resort to a suit for an accounting, in
which event the period of redemption allowed to him is extended
fifteen days after the final determination of the action. In
other words, section 9448 confers upon the redemptioner the
right to redeem by paying an amount which may be much less
than the amount paid by the purchaser, and it also extends the

time within which the redemption may be made. The demand for an accounting, to be effective for any purpose, must be made before the expiration of one year after the sale, but, when made within that time, it suspends the running of the statute, and the accounting itself determines the amount necessary to be paid to effect the redemption; but the redemption is not made until the amount is determined and paid or tendered, and then only in the event such amount is paid or tendered within the period so extended.

It is alleged in the complaint and established by the agreed statement that, at the time the money was deposited, a demand for an accounting of the rents and profits was made, and one purpose of this action is to compel such an accounting to the end that the amount necessary for Mrs. Leonard to pay to redeem the property may be determined.

When on February 15, 1924, Mrs. Leonard made the demand for an accounting and thus secured a suspension of the running [7] of the statute, she obtained all the benefits afforded by section 9448. The right to redeem is purely statutory, and, when she thus availed herself of the statute (section 9448), she was required to assume its burdens in order to enjoy its benefits (*State* v. *O'Connor*, 6 N. D. 285, 69 N. W. 692; *Union Esperanza Min. Co.* v. *Shandon Min. Co.*, 18 N. M. 153, 135 Pac. 78). Under section 9448 the redemption is not completed until the accounting is had, the amount determined and paid or tendered within time.

A redemptioner cannot proceed under both sections at the [8] same time, and the attempt to proceed under section 9443, by making a deposit of the amount necessary to redeem under that section, is nullified by making a demand for an accounting, which can be done only by section 9448. Therefore it is clear that a redemption was not effected on February 15, 1924, when the demand for an accounting was made.

But, as indicated above, by making the demand for an ac- [9] counting, Mrs. Leonard secured an extension of the time

within which to redeem, and the second question then arises: Did she lose the right to redeem by accepting payment and satisfaction of her judgment?

By the express terms of section 9442 her right to redeem was dependent upon the fact that she held the Thompson and Elzea judgments, each of which was a lien upon the property. Before she redeemed, and while she was seeking to compel an accounting to determine the amount necessary to be paid by her, she accepted full payment and satisfaction of each of her judgments. The instant the judgments were satisfied, they ceased to be liens upon the property. (Sec. 9410, Rev. Codes; 34 C. J. 630.) In *In re Black's Estate*, 32 Mont. 51, 53, 79 Pac. 554, 555, this court said: "When a judgment has been paid, it has passed beyond a review; the satisfaction of it being the end of the proceeding. 'Payment produces a permanent and irrevocable discharge, after which the judgment cannot be restored by any subsequent agreement, nor kept on foot to cover new and distinct engagements.'" It follows that the extinction of the judgment liens before the redemption had been effected destroyed the right to redeem. (*Ex parte Lawrence*, above; 3 Freeman on Executions, sec. 317.)

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Galen, Stark and Matthews concur.

Rehearing denied December 10, 1925.