**In re Arlo NEUTGENS, Josephine Neutgens d/b/a Northwest Trucking, Debtors.**

**Bankruptcy No. 86–40520.**

United States Bankruptcy Court, D. Montana.

March 10, 1987.

Charles W. Hingle, Billings, Mont., for Bank.

Jerrold L. Nye, Billings, Mont., for debtors.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

Hearing was held, after notice, on March 6, 1987, on the motion of Citizens First National Bank (Bank) for relief from the automatic stay or, in the alternative, for an award of adequate protection.

The Bank holds a valid first security interest in collateral of the Debtor consisting of cattle, machinery, equipment, vehicles and land. The Bank produced evidence that the total value of the collateral was $50,300.00, while the total debt due the Bank as of the date of the bankruptcy petition was $115,594.21. The Bank has thus shown to the satisfaction of the Court that there is no equity in the collateral. The Debtors filed a Disclosure Statement and Plan on March 4, 1987, but each document was not available to the Court at the hearing on March 6, 1987, due to mailing. In reviewing the Plan and Disclosure Statement, the Plan classified the claim of the Bank as Class II, proposes to sell "all vehicles and equipment not necessary to

Debtors' business operation * * * as soon as practical after approval of this Plan", reduce the interest rate on the note to 6.5% beginning January 1, 1987, and pay the balance over 21 years, by annual payment of interest only in 1987, and principal and interest on December 31st of each year thereafter. The Disclosure Statement contains a dearth of information of the Debtors' operations, but what can be gleaned from the Disclosure Statement is the Debtors' net income from the following sources in 1986, to-wit:

| | | |
|---|---|---|
| Sale of oil drilling mud | — | $ 5,000.00 |
| Mobile home moving | — | 2,190.00 |
| Building demolition and removal | — | 6,500.00 |
| Cattle ranching | — | 12,000.00  (40 calves @ $300 each) |
| Total | | $ 25,690.00 |

At the hearing on the Bank's motion, the Debtors gave no testimony on income available for adequate protection payments, and refused to offer to the Court any basis on which to fashion an order providing for adequate protection.[1]  Furthermore, the Disclosure Statement is insufficient as a matter of law. See *In Re Metrocraft Pub. Services, Inc.*, 39 B.R. 567, 568 (Bankr.N.D. Ga.1984), adopted by this Court in *In Re Reilly*, 71 B.R. 132 (Bankr.D.Mont.), holding:

"Relevant factors for evaluating the adequacy of a disclosure statement may include: (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectibility of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the Debtor; and (19) the relationship of the debtor with affiliates."

In reviewing the above 19 criteria, the Debtors have only discussed, in brief form, elements dealing with sources of income. They now project in 1987 to earn, after expenses, up to $36,500.00 from their farm and other business operations, although their estimates are conclusory and based on skeptical opinions. *In Re Fierman*, 21 B.R. 314, 315 (Bankr.E.D.Pa.1982), holds that a disclosure statement must set forth a factual basis for each opinion because "[S]uch information is essential for a party weighing the credibility and merits of the

---

1. On March 9, 1987, the Debtors filed an "Offer and Proposal of Adequate Security" which fixes the secured debt of the Bank at $50,000.00, and proposes to pay 10% per annum interest beginning March 6, 1987. In addition, the Debtors propose to sell immediately all vehicles, machinery and equipment not necessary to conduct their operations and apply the sales proceeds to interest and principal. The same would be true of cattle sales. There is no evidence in this record as to the offer on interest being at market rate, and the vagueness of unnecessary equipment is not cured. Indeed, the Bank's testimony was that the prevailing market rate of interest was 13% for the same type and term of loan. See *United States v. Neal Pharmacal Co.*, 789 F.2d 1283 (8th Cir.1986). Further, the Bank, because of the procedure adopted by the Debtors, has been foreclosed to test the offer of adequate protection at the hearing, duly noticed for March 6, 1987. For that reason alone, the offer must be refused consideration.

plan". It would be more reassuring to the Court, and certainly the creditor, for the Debtors to detail by description the trucks and equipment which they say are not necessary for their continued operation, and which they propose to sell, so each creditor would have some idea what the specifics of the Plan really entail.

A quote from *In Re Clark Technical Associates,* 9 B.R. 738, 740-41 (Bankr. Conn.1981), is appropriate to the Debtors' stance in this case:

"The debtor, on the other hand, failed to satisfy its burden of proof, imposed under Code § 362(a)(2), as to all other issues under Code § 362(d). It is not enough for a debtor to argue that the automatic stay should continue because it needs the secured property in order to propose a reorganization. If this were the test all property held by debtors could be regarded as necessary for the debtors' reorganization. The key word under Code § 362(d)(2)(B) is 'effective'; the property must be necessary to an effective reorganization. If all the debtor can offer at this time is high hopes without any financial prospects on the horizon to warrant a conclusion that a reorganization in the near future is likely, it cannot be said that the property is necessary to an 'effective' reorganization. *In Re Terra Mar Associates,* 3 B.R. 462 (Bankr.B.C.Conn.1980); *In Re Riviera Inn of Wallingford, Inc.,* 7 B.R. 725, C.C.H. ¶ 67,726 (Bankr.B.C.Conn. 1980); *In Re Hutton–Johnson Co. Inc.,* 6 B.R. 855 (Bankr.S.D.N.Y.1980).

\*     \*     \*     \*     \*     \*

In the circumstances of this case the court has no discretion when the plaintiff, as the senior secured creditor, requests a relief from the automatic stay. The plaintiff's secured interest is not adequately protected and the debtor has not offered any additional protection. It is not for the court to determine what will constitute adequate protection of the secured creditor's interests; the debtor must affirmatively propose protection of the secured interest, and this the plaintiff has not done. *In Re San Clemente*

*Estates,* 5 B.R. 605, 6 B.C.D. 838 (Bankr. S.D.Calif.1980); *In Re Riviera Inn of Wallingford, Inc.,* supra; *In Re Hutton–Johnson Co. Inc.,* supra.

Since the debtor does not have any equity in the property in question, as required under Code § 362(d)(2)(A), and since the property is not necessary to an 'effective' reorganization within the meaning of Code § 362(d)(2)(B) because no reorganization currently appears likely, this court must lift the automatic stay. Code § 362(d) provides that in such circumstances 'the court *shall* grant relief from the stay ...'. [Emphasis added]."

The creditor Bank has clearly demonstrated there is no equity in the Debtors' property. The Debtors' attitude toward the Bank notwithstanding, it was incumbent upon the Debtors to satisfy the statutory requirements of Section 362(g)(2), which states the party opposing such relief from stay has the burden of proof on all issues except that of equity in the property. Even though pressed by the Court to make an offer of adequate protection, the Debtors and their counsel wholly failed to intelligently approach the matter. Since the Debtors have the burden of proof to affirmatively meet that issue, and it is not the Court's duty to try the Debtors' case or fashion adequate protection on its own, the Court is left with no alternative but than to grant the Bank's motion for relief from stay.

IT IS ORDERED the motion of Citizens First National Bank for relief from the automatic stay provisions of Section 362 (11 U.S.C. § 362) of the Bankruptcy Code is granted under authority of Section 362(d) and (g) of the Code.