**In re Harry J. LIDDLE Carolyn A. Liddle, Debtors.**

**Bankruptcy No. 86–40771.**

United States Bankruptcy Court, D. Montana.

April 21, 1987.

Kenneth Neill, Great Falls, Mont., for debtors.

Malcolm Goodrich, Billings, Mont., for Federal Land Bank.

Dunlap and Caughlan, Butte, Mont., Trustee.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 21st day of April, 1987.

In this Chapter 12 case, the Federal Land Bank of Spokane (FLB) has filed a Motion To Set Time For Termination of Right of Redemption or in the Alternative, For Relief From the Automatic Stay. The Debtors filed their Chapter 12 Plan on March 12, 1987. Hearing on confirmation was set for April 15, 1987, when the parties stipulated that the hearing should be continued until the Court ruled on whether the Debtors had sufficient legal interest in their farm property on which to confirm a Plan.

FLB's motion states that it held a first mortgage on the Debtors' 2240 acres of deeded land, which was foreclosed upon and then sold at Sheriff's Sale on January 7, 1986. FLB was purchaser at the Sheriff's Sale on January 7, 1986. Thus, a judgment on the mortgage is of record and the Debtors, under Montana law, had a one year right of redemption in the property, which expired January 7, 1987. Before the redemption period expired, the Chapter 12 petition was filed on December 30, 1986, listing total debts of $1,037,000.00, which includes the FLB judgment of $75,000.00. The largest creditor is Farmers Home Administration (FHA), which has a claim for $962,000.00. The Debtors listed no unsecured creditors, except FHA, which is undersecured. Under the Debtors' proposed Plan, FLB will be paid $66,000.00 over 20 years at 6% interest per annum, and FHA will be paid $102,250.00 over 40 years at 6% interest. The Plan values the Debtors' farm at $168,250.00.

FLB claims that under 11 U.S.C. § 108(b), the Debtors' right to redeem the property from the foreclosure sale expired 60 days after the Order of Relief. Section 108(b) provides:

"Except as provided in Subsection (a) of this Section, if applicable non-bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under Section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure,

or perform, as the case may be, before the later of—(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 60 days after the order for relief."

FLB, relying on *In Re Cucumber Creek Development, Inc.,* 33 B.R. 820, 11 B.D.C. 105 (D.Colo.1983), contends the Debtor-in-Possession under Chapter 12 had to redeem the property within 60 days after filing of the petition by paying the entire judgment to FLB within that period of time. The district court in *Cucumber Creek Development* held, under facts very similar to the case *sub judice:*

"In *Jenkins* [19 B.R. 105], however, I did not discuss or consider the applicability of 11 U.S.C. § 108 to such a case. Given an opportunity to consider the question here and to review the body of case law which has developed, I now conclude that § 362 is inapplicable, and that state redemption rights may be preserved and extended only to the extent provided by § 108." *Id.* at 821.

To the same effect are *Johnson v. First National Bank of Montevideo, Minn.,* 719 F.2d 270 (8th Cir.1983), cert. den., 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245; *In Re Petersen,* 42 B.R. 39 (Bankr.Or.1984); *In Re Glenn, et al.,* 760 F.2d 1428 (6th Cir. 1985); *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (E.D.Mich.1981); *In Re Martinson,* 26 B.R. 648 (D.N.D.1983); and *Matter of Markee,* 31 B.R. 429 (Bankr.D.Idaho 1983). The Debtors rely on *In Re McCallen,* 49 B.R. 948 (Bankr.Or.1985) and *In Re Carr,* 52 B.R. 250 (Bankr.S.D.Mich.1985). Both *McCallen* and *Carr* stand for the proposition, that under the state foreclosure method used by the creditor in those cases, a judgment of strict foreclosure or judgment of foreclosure on a land contract was not final, but was interlocutory, and a court imposed right of redemption as opposed to a statutory right was therefore governed and controlled by Section 362(a), not § 108(b) of the Code. *Carr* summarized such holding as follows:

" * * * The judgment of forfeiture is not final until the redemption period expires;

thus, any further proceedings to obtain possession constitute the continuation of a judicial proceeding against the Debtor within the intended meaning of § 362(a)(1). * * * Where there is no substantive right to cure a default and deaccelerate a debt under state law, the stay is ineffective as to any acts to obtain possession of property; but once the Debtor comes under the protection of the Bankruptcy Code with an equitable ownership interest in the property, the stay affords him the opportunity to protect that interest via the means provided by the Bankruptcy Code." *Id.*, at 262–263. *Carr* acknowledges that in the case where the right to deaccelerate dissolves under state law, such as at the time of the foreclosure sale, then Section 108(b) applies to the period of redemption, not Section 362. *Id.* at 260.

By statute in Montana, a judgment debtor of real property has one year to redeem after sale by paying the purchaser the amount of his purchase price, plus interest and any taxes paid by the purchaser. § 25–13–802, MCA. If no redemption is made within one year after the sale, the purchaser is then entitled to a conveyance of the property by Sheriff's Deed. § 25–13–810 and 811, MCA. However, during the period of redemption, the purchaser is not entitled to possession of the property if the debtor personally occupies the land as a home for himself and his family. § 25–13–821, MCA. The purchaser is entitled from the time of sale to redemption, if made, the rents of the property or value of the use and occupation thereof, and in this regard, the statute describes the Debtor as the "tenant in possession". § 25–13–822, MCA. Under these statutes and § 25–13–710, MCA, it has long been the law of Montana that upon sale by foreclosure, title passes to the purchaser, subject only to the right of redemption in the Mortgagor, and that right to redeem is not a property right but a mere privilege. *Leonard v. Western, et al.,* 74 Mont. 513, 517, 241 P. 523 (1925).

██ Under the Bankruptcy Code, § 541(a), the debtor's right of redemption which had not expired at the date of the bankruptcy petition being filed becomes property of the estate. *Matter of Markee,* supra, at 431 holds:

"However, that right was not expanded or enhanced by the fact of bankruptcy. The estate obtained only the interest of the defendants as mortgagors under Idaho law following foreclosure and sale. That right is limited solely to the ability to redeem within the statutory period; title passes to the buyer at the foreclosure sale subject only to this conditional interest. *Northwestern & Pacific Hypotheekbank v. Nord,* 56 Idaho 86, 50 P.2d 4 (1935)."

The Sixth Circuit Court of Appeals in *In Re Glenn,* supra, would and did disregard state law when it chose as the cut-off date of the statutory right to cure defaults in Chapter 13 as the date of sale of the mortgaged property by holding:

"In so ruling, we avoid any effort to analyze the transaction in terms of state property law. Modern practice varies so much from state to state that any effort to satisfy the existing concepts in one state may only create confusion in the next. Thus, in construing this federal statute, we think it unnecessary to justify our construction by holding that the sale 'extinguishes' or 'satisfies' the mortgage or the lien, or that the mortgage is somehow 'merged' in the judgment or in the deed of sale under state law." Id. *at* 1436.

I doubt the wisdom of such approach. See *In Re Ivory,* 32 B.R. 788 (Bankr.Or.1983) (deacceleration and cure may occur before the right of redemption expires) and *In Re Thompson,* 17 B.R. 748 (Bankr.W.D.Mich. 1982). I do not decide in this case the issue of the right to cure or modify a mortgage after foreclosure sale but before the expiration of the period of redemption as discussed in the *Ivory* case, supra.

██ I hold that the circuit court rationale of *In Re Glenn,* supra, and *Johnson v. First National Bank,* supra, settles the issue in this case regarding the application of § 108(b) as applied to the Montana redemption period. As held in *Glenn:*

44

"With respect to setion (sic) 362(a), the Eighth Circuit accepted the reasoning in *Bank of Commonwealth v. Bevan* [13 B.R. 989] and expressly rejected the position taken in *In Re Jenkins* [19 B.R. 105] and *In Re Johnson* [8 B.R. 371]. The Court found that the 'clear majority' of cases decided under various automatic stay provisions of the old Bankruptcy Act held that the filing of a petition in bankruptcy did not toll or extend the running of a statutory period of redemption. Finding no clear manifestation of congressional intent to change the law on the issue, the court assumed that the newly-enacted statute, whose language was substantially identical to that of the previous statutes, was harmonious with existing law and its judicial construction. Moreover, the court found that the presence of Section 108(b) in the Code supported its determination that Section 362(a) did not apply to toll the Minnesota statutory redemption period. We find ourselves in agreement with the reasoning of the Eighth Circuit in *First National Bank* and are reinforced in our conclusion by the belief that inter-circuit conflicts should be avoided wherever it is possible to do so in good faith and in reason."

\* \* \* \* \* \*

We also hold that the automatic stay provisions of 11 U.S.C. § 362(a) do not toll or extend periods of redemption following foreclosure sales \* \* \*." *Id.* at 1440, 1442.

Support for this holding is also buttressed by *In Re Santa Fe Development etc.*, 16 B.R. 165 (BAP 9th Cir.1981) which holds that Section 108(b) governs curing of a default in order to preserve an option under agreement for the benefit of the estate. As stated in *Cucumber Creek Development,* supra, at 822, "where one section of the Code explicitly governs an issue, another section should not be interpreted to cause an irreconcilable conflict". Section 108 specifically addresses the limitations of the Debtors' rights to the Montana statutory redemption period, and its operation controls. To hold otherwise, would render § 108(b) superfluous.

I conclude that the redemptive right of the Debtors passed to the estate under § 541, and such right was extended 60 days from the date of the filing of the bankruptcy petition, namely, to February 28, 1987, under Section 108(b) of the Code. Performance under Montana law sufficient to redeem the property had to be made by the Debtors by February 28, 1987, and if not made, as is the case here, the conditional interest of the Debtors and their bankruptcy estate terminated on February 28, 1987. Accordingly, the FLB is entitled to relief from the automatic stay to conclude the foreclosure process.

IT IS ORDERED the motion of FLB to fix the time to terminate the Debtors' statutory right of redemption is granted and fixed as of February 28, 1987.

IT IS FURTHER ORDERED the motion of FLB from relief from the automatic stay is granted.