**In re Remi E. MONFORTON and Betty Jo Monforton, Debtors.**

**Bankruptcy No. 87–20066.**

United States Bankruptcy Court, D. Montana.

June 17, 1987.

Daniel R. Sweeney, Butte, Mont., for debtors.

Malcolm Goodrich, Billings, Mont., for FLB.

Dunlap & Caughlan, Butte, Mont., Trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 17th day of June, 1987.

In this Chapter 12 case, The Federal Land Bank of Spokane (FLB–S) has filed a motion seeking an order of this court for relief of the automatic stay to allow the Sheriff of Jefferson County, Montana, to issue a sheriff's deed to real property sold at foreclosure sale on February 2, 1986, and purchased by FLB–S. In the same motion, Federal Land Bank of Minnesota (FLB–M) seeks dismissal of this Chapter 12 petition in the event the court rules favorably for FLB–S on the grounds the Debtors would not be family farmers as that term is defined in 11 U.S.C. 101(17). Both parties have filed briefs in support of their respective positions.

The facts are not in dispute. On February 4, 1986, FLB–S purchased at sheriff's sale real property of the Debtors located in portions of Sec. 19, T. 2 N., R 2 W and Sections 2, 3, 4, 5, 10, 11 and 12, T 2 N, R 3 W, P.P.M., Jefferson County, Montana. FLB–S had held the first mortgage on the property which went into default and resulted in a state court decree of foreclosure. Under Montana law, Section 25–13–802, MCA, Debtors have a year of right of redemption before the expiration of which time the Debtors may redeem the real property by paying the purchaser (FLB–S) the total amount of the purchase price plus interest and taxes. If no redemption is made within the one year period, the purchaser is then entitled to a sheriff's deed to the property. § 25–13–810 and 811, MCA. In the case *sub judice*, the expiration of the one year redemption period was intercepted by the filing of the present Chapter 12 case by the Debtors on February 6, 1987, two days before the period of redemption had expired. From this status, the Debtors now seek to restructure the FLB–S note and mortgage, thereby effectively annulling the foreclosure decree and sale, and keeping the Debtors in possession of the real property in the event of confirmation of the Chapter 12 Plan.

■ While the Debtors argue to the contrary, the case of *In re Liddle*, 75 B.R. 41 4 Mont.B.R. 253 (Bankr.Mont.1987) governs the decision of this case. In *Liddle*, as in this case, the Debtors filed a Chapter 12 petition six days before expiration of the period of redemption. After discussing the various case authorities involving sections 108(b) and 362 of the Bankruptcy Code, on the tolling of the period of redemption, this court held:

"I conclude that the redemption right of the Debtors passed to the estate under § 541, and such right was extended 60 days from the date of the filing of the bankruptcy petition, namely to February 28, 1987, under section 108(b) of the Code. Performance under Montana law sufficient to redeem the property had to be made by the Debtors by February 28, 1987, and if not made, as is the case here, the conditional interest of the Debtors and their bankruptcy estate terminated on February 28, 1987. Accordingly, the FLB is entitled to relief from the automatic stay to conclude the foreclosure process."

I see no valid reason advanced by the Debtors to reverse or distinguish the *Liddle* holding in this case. Here, the period of redemption under Section 108(b) expired April 5, 1987, being the 60th day after the filing of the petition. By that date, a Chapter 12 plan had not been filed. Had a plan been promptly filed after the Chapter 12 petition, and a hearing on confirmation held by April 5. 1987, which would clearly be possible under the Code,[1] the Debtors could have been in position under section 1222(b)(2), (5) and (9) to propose a restructure of the FLB debt pursuant to § 1225(a)(5). Once the 60 day period expired, however, without this court having an opportunity to conduct a confirmation hearing on the plan before the end of the 60 day period, the Debtors lose all available rights to the property. In otherwords, the Debtors were charged with knowledge that their time to seek redress on their redemption right is governed by Section 108(b), and had the Debtors sought rehabilitation of that right through prompt filing of their plan and request for expedited action, their prospect of reorganization under Chapter 12 may have been possible. That is exactly what I held in *Liddle*, citing *In re Ivory*, 32 B.R. 788, (Bankr.Or.1983), when I stated that "I do not decide in this case the issue of the right to cure or modify a mortgage after foreclosure sale but before the expiration of the period of redemption as discussed in the *Ivory* case, supra." *Id.* at 43. Section 108(b) and *Liddle* govern the result in this case as the issues are framed by the parties.[2]

■ As to the motion of FLB–M to dismiss this proceeding, no evidentiary hearing on that motion has been held, although the Debtors seem to indicate that an adverse ruling on the FLB–S motion would cause the Debtors to dismiss the case. Without an opportunity to a hearing on dismissal,

1. The plan in this case was filed May 4, 1987, and hearing on confirmation was set for June 2, 1987, or within 30 days of the plan filing.

2. No issue was raised by the Debtors that the right of redemption is an executory contract (or an unexpired lease) as that term is used in section 365 of the Code. If indeed, the right of redemption somehow places the Debtors into section 365 (an issue I do not decide), then under *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1212, 1215–16 (7th Cir., 1984), Section 108(b) would not be applicable. *Moody* holds:

"Section 365 of the Code only gives a Debtor the right to assume an executory contract. If a contract has been terminated pre-bankruptcy, there is nothing left for the Debtor to assume. However, termination must be complete and not subject to reversal, either under the terms of the contract or under state law.

L. King, 2 Collier on Bankruptcy, § 365.03 (15th Ed., 1979); see *In re Fontainbleau Hotel Corp.*, 515 F2d 913 (5th Cir., 1975).

\* \* \* \* \* \*

We hold, however, that Section 108(b) does not apply to curing defaults in executory contracts."

It is arguable that assumption of the contract to redeem the property as allowed by state law is permissible under Section 365(d)(2) by restructure of the debt under 1222(b)(2), (5) (6) and (9). Such issue has not been raised in this case, nor was it considered in cases cited in *Liddle*. *Moody* does apply § 365 to executory contract and thus distinguishes cases such *Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir. 983), cert. denied, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245. See also *In re Santa Fe Development Co.*, 16 B.R. 165 (BAP 9th Cir., 1981) (concurring opinion).

decision of the FLB–M motion is premature.

IT IS ORDERED the Motion of Federal Land Bank of Spokane for relief from the automatic stay to allow the Sheriff of Jefferson County, Montana, to issue a sheriff's deed is granted.