**In re Jerome D. WELBORN, Sandra J. Welborn, Debtors.**

**Jerome D. WELBORN and Sandra J. Welborn, Plaintiffs,**

v.

**John RUEGSEGGER and Delma Ruegsegger, Defendants.**

**Bankruptcy No. 87–20151.**

**Adv. Proceeding No. 287/0034.**

United States Bankruptcy Court, D. Montana.

July 7, 1987.

Joseph W. Duffy, Great Falls, Mont., for debtors.

Chester Lloyd Jones, Virginia City, Mont., for defendants.

Dunlap & Caughlan, Butte, Mont., Trustee.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 7th day of July, 1987.

After filing a Chapter 12 petition, Debtors brought an adversary action against the Defendants John and Delma Ruegsegger seeking to recover possession of the Debtors' ranch from the Defendants under 11 U.S.C. 548. Defendants filed a Motion For Summary Judgment together with supporting affidavits, and hearing on the motion was held on June 23, 1987, as well as on the Defendants' motion for relief from stay, and confirmation of the Plan. The entire issue centers around the foreclosure of the Debtors' interest in the ranch, their subsequent lease of the property and expiration of the lease before the Chapter 12 petition was filed. The facts are not in dispute and thus the issue is ripe for summary judgment.

Plaintiff Debtors purchased the ranch from the Defendants under a Contract For Deed dated December 14, 1979. Due to default in payment of the contract in 1985 and 1986, the Defendants sought state court relief, which led to a Judgment entered in January, 1987. The Judgment was based on an Agreement and Release signed by the Debtors, which provided in pertinent part, as follows:

"1. The Agreement [of December 14, 1979] is hereby terminated pursuant to the terms of Paragraph 20(a) and (c) of said Agreement, and Welborns shall grant peaceable possession of the pertinent properties and improvements thereon to the Ruegseggers on March 15, 1987.

2. Welborns shall at the time of execution of this Agreement execute such

documents as may be necessary in order to record termination of said Agreement and of Welborns' interest in such property and improvements.

3. Ruegseggers are entitled to retain all payments made by Welborns pursuant to said Agreement as liquidated damages for the breach of the Agreement and as a reasonable rent for the use of the property by Welborns.

4. The escrow agent, State Bank and Trust Company of Dillon, Montana, is hereby authorized to release to Ruegseggers all documents and instruments held by the escrow agent in escrow.

5. Ruegseggers do hereby lease, let and demise the premises described on the attached Exhibit A for a term from the date of execution of this Agreement to and including the 15th day of March, 1987."

The state court decree provides that Welborns' disclaim any further interest in the property except for the lease terminating on March 15, 1987. All issues raised in this adversary proceeding were likewise raised and finally determined in the state court action. Rather than deliver possession of the ranch property to Ruegseggers on March 15, 1987, the Debtors filed a Chapter 12 petition on March 16, 1987, and then commenced this adversary petition which seeks to reinstate the Contract For Deed pursuant to a Chapter 12 payment plan.

■ I conclude that by the date of March 15, 1987, the Debtors' interest in the property terminated by the terms of the Agreement and Release, and the Debtors had no further interest in the ranch. In sum, as of March 15, 1987, the ranch was not property of the estate and could not be revived through a Chapter 12 proceeding. The issue has been settled in the case of *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1204 (7th Cir.1984), which holds:

"When a contract has been validly terminated pre-bankruptcy, the debtor's rights to continued performance under the contract have expired. The filing of a petition under Chapter 11 cannot resuscitate those rights. *See In re Triangle Labor-*

*atories, Inc.,* 663 F.2d [463] at 467–468 [3rd Cir.1981] * * * ".

*Moody* further holds in discussing Section 541(a) of the Code:

"Similarly, Section 541(a) provides that a debtor's estate consists of 'all legal or equitable interests of the debtor in property as of the commencement of a case.' Thus, whatever rights a debtor has in property at the commencement of the case continue in bankruptcy—no more, no less. Section 541 'is not intended to expand the debtor's rights against others more than they exist at the commencement of the case.' H.R.Rep. No. 595, 95th Cong., 1st Sess., reprinted in 1978 U.S.Code Cong. & Ad.News 5787.

Section 362, which creates an automatic stay of certain creditor actions upon the filing of a petition in the bankruptcy court, does not help debtors here. The automatic stay does not toll the mere running of time under a contract, and thus it does not prevent automatic termination of the contract. (Citing cases). Section 362 does not give a debtor greater rights in a contract. *Trigg v. United States,* 630 F.2d 1370, 1372 (10th Cir. 1980). Thus, debtors cannot rely on Section 362 to prevent termination of the contracts." *Id.* at 1213.

Further, since the lease expires by its own terms on March 15, 1987, pre-petition, and such termination was complete on that date, neither Sections 365 (assumption of unexpired lease) nor Section 108(b) (right to cure default in existing contract) are applicable. *Moody,* at 1212 and 1215. See also, *In re Liddle,* 75 B.R. 41, 4 Mont. B.R. 253 (Bankr.D.Mont.1987); *In re Santa Fe Development Inc.,* 16 B.R. 165 (9th Cir. BAP 1981).

■ All issues under the Contract For Deed and subsequent lease of the property were resolved among the parties in the state court action. As such, the state court decree is binding upon the parties under the doctrine of *res adjudicata,* and Plaintiff Debtors cannot retry those issues in this case. See, *Fiscus v. Beartooth Elec. Cooperative, Inc.,* 180 Mont. 434, 436, 591 P.2d 196, 197 (1979) (Judgment reduced on its merits is an absolute bar to a subsequent action between the same parties).

Moreover, under Montana law, there is no right of redemption where property is foreclosed under a Contract For Deed with attendant filing of a quit claim deed deposited with the escrow holder. *Erickson v. First National Bank of Minneapolis*, — Mont. —, 697 P.2d 1332, 1336 (1985).

I conclude that by the date of the Chapter 12 bankruptcy petition the Debtors held no valid property right or interest in the land and property sold under Contract For Deed of December 14, 1979, and such interest had fully terminated by the agreement of the parties. Since confirmation of the Debtors' Plan is tied directly to the Reugsegger ranch property, in view of this holding the Plan will have to be amended or the proceedings dismissed.

IT IS ORDERED the Motion For Summary Judgment of Defendants in Adversary Proceeding No. 87/0034 is granted and the action is dismissed.

IT IS FURTHER ORDERED the motion for relief from stay under Section 362 of the Bankruptcy Code is granted.

IT IS FURTHER ORDERED the Debtors shall have 14 days to file an Amended Chapter 12 Plan or dismiss this proceeding.