**In re ELDORADO, INC., a Montana corporation, Debtor.**

**Bankruptcy No. 87–20401.**

United States Bankruptcy Court, D. Montana.

Oct. 1, 1987.

Zane K. Sullivan, Missoula, Mont., for debtor.

Edward A. Murphy, Missoula, Mont., for Gallagher and Datsopoulos.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 11 proceeding, two secured creditors Gallagher and Datsopoulos (Gallagher) have filed a motion for relief from the automatic stay to allow Gallagher to repossess real property of the Debtor sold by Gallagher under a Contract For Deed on July 1, 1981. Hearing on the motion, opposed by the Debtor, was held on September 9, 1987.

The evidence shows that the Debtor's predecessor-in-interest Ledford purchased 320 acres of real property located in Lewis and Clark County, Montana, under a Contract For Deed dated July 1, 1981, for a purchase price of $750,000.00. The down payment of $200,000.00 was made, but the contract, after assignment to the Debtor, went into default in 1985, which prompted the seller to give a Notice of Default on May 22, 1987. As of April 19, 1985, the escrow balance on the contract was $540,-375.00, and no payments have been made since that date. The Notice of Default required that the sum of $187,930.70 was needed to cure the default on or before June 22, 1987. Without curing the default, the Debtor filed a Chapter 11 bankruptcy petition on June 19, 1987. As of that date, the outstanding obligation totaled $661,-922.36.

The property is used by the Debtor to generate income from "fee diggers" of sapphires from an old mine located on the property. The creditors' appraisal of the property, which I find credible, valued the property at $650,000.00, based on the highest and best use as recreational development along the frontage of Hauser Lake and continued fee digging on the back portion of the property, which may generate income of $50,000.00 to $80,000.00 per year. The lake front property is projected to produce $20,000.00 per parcel from 10 parcels.

The Debtor produced at hearing a letter from a third party (Fedco Industries, Inc.) of intent to purchase the outstanding stock of the Debtor upon four conditions, namely, (1) review of title; (2) copy of mineral rights of record; (3) engineering study for future development and sale of land parcels, and (4) approval of sale of fee digging memberships. A verbal offer to purchase of $275,000.00 for the stock, with assumption of the outstanding debt has evidently been made but that agreement is at best tenuous at this time.

The Debtor argues that while Section 108(b) of the Bankruptcy Code allows Debtor 60 days from the date of the Order for Relief to cure a default, foreclosure under the facts here would be inequitable. In *In re Liddle*, 75 B.R. 41, 4 Mont.B.R. 253 (Bankr.Mont.1987), this Court held, in a case involving the Montana redemption period under mortgage foreclosure statutes, that the automatic stay provisions of § 362 of the Code did not apply and that under § 108(b) the redemption period was tolled for a period of 60 days from the date of the petition, after which, failure to redeem was fatal, so that Debtor's estate lost any further interest in the property. The Debtor here distinguishes *Liddle* on the basis that the estate retains an interest in the Contract For Deed against forfeiture despite the 60 day provision in § 108(b). The basis of that interest as argued by the Debtor is the equitable remedy against forfeiture under Section 28-1-104, M.C.A., and cases such as *Roberts v. Morin*, 198 Mont. 233, 645 P.2d 423; *Glacier Campground v. Wild Rivers, Inc.*, 182 Mont. 389, 597 P.2d 689 and *Parrott v. Heller*, 171 Mont. 212, 557 P.2d 819. In *Roberts v. Morin*, supra, after the notice of default was served, the defaulted buyer offered to tender full compensation to the seller. Under these facts, the Montana Supreme Court, applying 28-1-104, M.C.A., against forfeiture on equitable grounds, held:

"Here, equitable principles must be invoked to achieve a just result.

\*　　\*　　\*　　\*　　\*　　\*

By applying Section 28–1–104, M.C.A., to deny a forfeiture, and by requiring the Robertes to make full payment of the balance of the contract to Morin, the equities in this case are resolved—that is, Morin receives the benefit of the original contract and the Robertes retain the land, as their payment to Morin." *Id.* at 428.

Debtor further argues for a finding that the Contract For Deed provides in a Chapter 11 case for the right of acceptance or rejection under Section 365 of the Code. Recognizing that *In re Rehbein,* 60 B.R. 436 (BAP 9th Cir.1986), held that Contracts For Deed, where only payment is left, were not executory contracts under § 365, the Debtor seeks to avoid that result by claiming that equity in this case demands a different result.

In two cases following *Liddle,* supra, *In re Monforton,* 75 B.R. 121, 4 Mont. B.R. 393 (Bankr.Mont.1987) and *In re Welborn,* 75 B.R. 243, 4 Mont.B.R. 429 (Bankr.Mont. 1987), the holding of *Liddle* was reaffirmed, but with a cautionary treatment of Section 365. *Monforton,* supra, 75 B.R. at 123, 4 Mont.B.R. at 396, quoted in ftn. 2 from *Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1212–1216 (7th Cir.1984) as follows:

"Section 365 of the Codes only gives a debtor the right to assume an executory contract. If a contract had been terminated pre-bankruptcy, there is nothing left for the debtor to assume. However, termination must be complete and not subject to reversal, either under the terms of the contract or under state law. L. King, 2 *Collier on Bankruptcy,* § 365.03 (15th Ed. 1979); see *In re Fontainebleau Hotel Corp.,* 515 F.2d 913 (5th Cir.1975).

\*　\*　\*　\*　\*　\*

We hold, however, that Section 108(b) does not apply to curing defaults in executory contracts."

■ Under § 365, an assumption of an executory contract in a Chapter 9, 11 or 13 case may be made at any time up to the confirmation of the plan. § 365(d)(2). *Moody,* as noted in *Welborn,* supra, 75 B.R. at 244, 4 Mont.B.R. at 431, further

holds that the filing of a Chapter 11 proceeding cannot resuscitate a reversal of rights fully terminated pre-petition, and Section 362 does not give a Debtor greater rights in a contract, where the contract itself gives no right. Applied to the present case, the Debtor's contract was not fully and completely terminated pre-petition. Rather, the Debtor's rights to tender full payment, or cure the default, were interrupted by the bankruptcy petition, which thus invokes Sections 541(a) and 108(b) of the Code. In other words, the Debtor had a state law right to make out a case against forfeiture under Montana law. Such recovery, however, must still be balanced against the holding of *In re Rehbein,* supra, that a Contract For Deed is not an executory contract, which can be assumed where only payment is left under the contract. Therefore, since the contract is not executory, Section 365 cannot be applied.

■ Assuming the Debtor has a right to relief from forfeiture within the 60 day period provided by Section 108(b), I hold the facts do not warrant such relief. As noted earlier, the balance due on the debt to Gallagher exceeds the appraised value of the property. While the Debtor made a substantial down payment on the property, the value of the property here obviously declined, to the detriment of both the seller and buyer. Under all of these circumstances, I find it would be improper to hold that inequitable forfeiture will occur by allowing the creditors, under state law, to recover the property. Indeed, for a buyer to receive relief from forfeiture under Section 28–1–104, M.C.A., as applied in *Roberts v. Morin,* supra, that statutory right requires the defaulted party "may be relieved therefrom upon making full compensation to the other party —". Obviously, the Debtor in this case, even taking the offer from Fedco as genuine, does not propose such just result, and is therefore unable or unwilling to comply with the dictates of the very statute which it invokes for relief from forfeiture. The Debtor cannot have it both ways. To obtain relief from forfeiture within the time allowed by Section 108(b), the Debtor, at the very least, should have cured the

default by payment of $187,930.70 in accordance with the Notice of Default, and thereby re-instated the contract. If that result had occurred, clearly reorganization under Chapter 11 would have been possible.

In this case, no offer of adequate protection has been made by the Debtor even though the uncontradicted evidence shows the Debtor has no equity in the property. The offer of Fedco is presently too open-ended to provide any firm grounds to award adequate protection. *In re Neutgens*, 87 B.R. 128, 4 Mont.B.R. 157, 160, specifically holds that under 362 (d)(2)(B) the Debtor has the burden to show the property is necessary to effectuate reorganization, i.e., reorganization which carries a reasonable prospect of success, not one based on high hopes or visionary schemes. The Debtor's sole offer of adequate protection is the belated offer of Fedco. If Fedco is serious, it would have made a firm offer of purchase, with an attendant payment of consideration. It did neither, and to place reorganization in this case before the Court on the basis of such an offer does not satisfy § 362(d)(2)(B). There must be an on-going business to protect, or assets available for rehabilitation. *In re Roland*, 77 B.R. 265, 4 Mont.B.R. 489 (Bankr.Mont. 1987). Here the Debtor has shown neither. The land contract expired under § 108(b) on August 19, 1987, and the specious offer to purchase the Debtor's interest is of no consequence after that date. In sum, the Debtor has no assets which are property of the estate.

IT IS ORDERED the motion for relief from stay filed by Gallagher and Datsopoulos is granted.