**In re GOMES RANCH, a partnership, Debtor.**

**No. 87-20385.**

United States Bankruptcy Court, D. Montana.

Nov. 30, 1987.

---

Joseph W. Duffy, Great Falls, Mont., for debtor.

Carl Davis, Dillon, Mont., for creditor.

Dunlap and Caughlan, Butte, Mont., trustee.

### ORDER GRANTING RELIEF FROM AUTOMATIC STAY

JOHN L. PETERSON, Bankruptcy Judge.

In this case, a creditor, Ronald E. Towery, filed a motion for relief from the automatic stay on October 29, 1987. The basis of the motion was the Debtor's failure to cure the default on a Contract for Deed within sixty (60) days of the filing of its Chapter 12 petition. The Debtor resists the motion.

Mr. Towery cited this Court's recent decisions in *In re Eldorado, Inc.*, 85 B.R. 555, 5 Mont.B.R. 61 (Bankr.Mont.1987), and *In re Liddle*, 75 B.R. 41, 4 Mont.B.R. 253 (Bankr.Mont.1987), in support of the

motion. The Debtor argues that *Eldorado* is a Chapter 11 case and therefore not applicable to this Chapter 12 case. The Debtor further argues that *Liddle* is distinguishable because it dealt with a statutory right of redemption which is not present here. This Court finds the creditor's argument persuasive and grants his motion under the rationale encompassed below.

In *Eldorado,* which involved a defaulted Contract for Deed situation, this Court addressed the *Liddle* decision and subsequent decisions on this point, when it stated:

"In two cases following *Liddle,* supra, *In re Monforton,* 75 B.R. 121, 4 Mont.B.R. 393 (Bankr.Mont.1987) and *In re Welborn,* 75 B.R. 243, 4 Mont.B.R. 429 (Bankr.Mont.1987), the holding of *Liddle* was reaffirmed, but with a cautionary treatment of Section 365. *Monforton,* supra [75 B.R. at 123, 4 Mont.B.R.] at 396, quoted in ftn. 2 from *Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1212–1216 (7th Cir.1984) as follows:

'Section 365 of the Codes only gives a debtor the right to assume an executory contract. If a contract had been terminated pre-bankruptcy, there is nothing left for the debtor to assume. However, termination must be complete and not subject to reversal, either under the terms of the contract or under state law. L. King, 2 *Collier on Bankruptcy,* § 365.03 (15th Ed.1979); see *In re Fontainebleau Hotel Corp.,* 515 F.2d 913 (5th Cir.1975).

\*　　\*　　\*　　\*　　\*　　\*

We hold, however, that Section 108(b) does not apply to curing defaults in executory contracts.'" *Id.* 85 B.R. at 557, 5 Mont.B.R. at 63.

Under § 365, an assumption of an executory contract in a Chapter 9, 11, 12 or 13 case may be made at any time up to the confirmation of the Plan. § 365(d)(2). As the Count pointed out in *Eldorado* :

"*Moody,* as noted in *Welborn,* supra at 431, further holds that the filing of a Chapter 11 proceeding cannot resuscitate a reversal of rights fully terminated pre-petition, and Section 362 does not give a Debtor greater rights in a contract,

where the contract itself gives no right." *Id.* 85 B.R. at 557, 5 Mont.B.R. at 64.

In the case *sub judice,* the Debtor's rights to cure the default were interrupted by the Chapter 12 petition. This interruption invokes Sections 541(a) and 108(b) of the Bankruptcy Code. These sections are invoked regardless of whether the Debtor is Chapter 11 or Chapter 12, for Sections 541 and 108 apply to both chapters. 11 U.S.C. 103(a). In this case, the Debtor defaulted on a Contract for Deed and as such cannot have the benefit of § 365. *In re Rehbein,* 60 B.R. 436 (BAP 9th Cir.1986). Without the § 365 election, this Debtor is entitled only to the relief from the provisions of § 108(b). This Court finds that the Debtor has not cured the default within 60 days of the filing of its Petition, and as such, all its rights in the Contract for Deed have terminated. Thus, the creditor's motion for relief from the stay must be granted. Accordingly,

IT IS ORDERED that the motion of Ronald E. Towery for relief from the automatic stay is hereby granted.