DETROIT FIDELITY & SURETY CO. v. DONALDSON.

1. MORTGAGES—FORECLOSURE—MORTGAGOR LOSES ALL INTEREST AFTER EXPIRATION OF REDEMPTION PERIOD.

Mortgagor, who did not appeal from foreclosure decree, lost all interest in mortgaged property when time for redemption had expired.

2. JUDGMENT—COLLATERAL ATTACK OF MORTGAGE FORECLOSURE DECREE.

Validity of foreclosure proceedings, from which no appeal was taken, may not be assailed by mortgagor, who had lost all interest in the property on petition to open decree foreclosing another mortgage, set aside sale, and grant rehearing.

3. SAME—MORTGAGES—FORECLOSURE.

Mortgagor, who had lost all interest in property by foreclosure of another mortgage, and who was made party to present foreclosure proceedings for purpose of securing deficiency decree against her, had no interest affected by decree therein which made no provision for deficiency.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 4, 1931. (Docket No. 81, Calendar No. 35,785.) Decided June 25, 1931.

In mortgage foreclosure proceedings by Detroit Fidelity & Surety Company against Lavina B. Donaldson and others, Donaldson Craig, as special administrator of the estate of Lavina B. Donaldson, filed a petition to open decree entered, set it aside, and grant a rehearing. From an order denying said petition, petitioner appeals. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for plaintiff.

*L. B. Gardner* (*Groesbeck & Kelly,* of counsel), for defendant Donaldson.

*G. Leslie Field,* for defendant Guaranty Trust Company.

SHARPE, J. In April, 1922, Lavina B. Donaldson, an unmarried woman, executed a 33-year lease of certain property in Detroit to the Clifford Land Company. Soon thereafter, she and the land company joined in a mortgage thereon to the plaintiff

for $500,000 to secure the money with which to erect an apartment hotel thereon. Finding this sum insufficient, they afterwards executed a bond mortgage thereon, in which the Guaranty Trust Company was named as trustee, for $250,000. The building was completed in 1923, and the Clifford Land Company took possession.

On February 14, 1925, the Guaranty Trust Company began foreclosure proceedings. Miss Donaldson was duly served with process, entered her appearance, and defended the suit. Decree was had, under which sale was made to the trust company as purchaser on its bid of $330,427.54. No redemption was had.

On May 20, 1927, plaintiff began foreclosure of its mortgage. The trust company and Miss Donaldson were made defendants. A decree for deficiency was prayed for against her. It is claimed that the service made upon her, under which she was defaulted, was insufficient. Decree was entered on May 26, 1928, under which sale was made on August 13th of that year, and the property bid in by the plaintiff for $672,445.73, the full amount then due upon the mortgage. No redemption was had.

On June 20, 1930, Donaldson Craig, as special administrator of the estate of Lavina B. Donaldson, then deceased, filed a petition to open the decree, set aside the sale, and grant a rehearing. Plaintiff filed an answer thereto, and annexed to it a copy of the calendar entries, decree, and commissioner's deed in the Guaranty Trust Company case. The trial court held that the interest of the deceased was foreclosed by such deed, and dismissed the petition. The administrator appeals.

Clearly, all the interest which the deceased had in the mortgaged property was lost to her when the

time for redemption under the decree in the Guaranty Trust Company case had expired. No appeal was taken from the decree in that case, and, as defendant was properly served with process therein, its validity cannot be here assailed. The only purpose of making her a party defendant in this case was to secure a deficiency decree against her. No provision therefor was made in the decree, and, as she had no right to redeem, her interests were in no way affected thereby.

The order dismissing the petition is affirmed, with costs to the Detroit Fidelity & Surety Company.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.