**Paul CHATMAN, Jr. and Rosie Lee Chatman, Bankrupts-Appellants,**

v.

**David DAUGHERTY, Creditor-Appellee.**

**No. 75–1771.**

United States Court of Appeals, Sixth Circuit.

Dec. 15, 1975.

J. C. McMurtry, McMurtry & Claiborne, Gallatin, Tenn., for bankrupts-appellants.

James R. Omer, Omer, Taylor, Ellis & Brabson, Nashville, Tenn., for creditor-appellee.

### ORDER

Before WEICK, PECK and LIVELY, Circuit Judges.

This appeal is from an order of the District Court affirming an order of the Bankruptcy Judge in a Chapter XIII proceeding relieving a mechanic's lien creditor of a previous order staying enforcement of his lien. The order permits the lien holder to proceed with foreclosure and sale of the wage-earner's real property.

The order entered by the Bankruptcy Judge recites: "This cause came on to be heard on the 21st day of January, 1975, before the Honorable Ruth Kinnard, Judge of the United States District Court for the Middle District of Tennessee . . .." It is signed by Ms. Kinnard as Judge. Her correct title was Bankruptcy Judge, and she should have been so designated.

The Bankruptcy Judge did not adopt findings of fact and conclusions of law, and she cited no authority and gave no reason for her decision. No appendix was filed in this Court and the record contains some pages of light type which are difficult to read.

On appeal the District Judge affirmed on the ground that the Bankruptcy Court could not deal with "claims secured by estates in real property."

■ The Bankruptcy Court, however, could have enjoined the enforcement of the lien, and this is the relief which the bankrupt prayed for. *Hallenbeck v. Penn Mutual Life Ins. Co.*, 323 F.2d 566 (4th Cir. 1963).

The District Court noted that no briefs had been filed by either party. We have been favored with briefs which were of little help to us. The attorney for the appellee waived oral argument, and only the attorney for appellant argued the appeal.

■ The record does not reveal why the general contractor did not accept payments of $100 per month as he agreed with the wage earner, or if he was unable to do so, why the lien holder could not accept payment of his lien in installments.

It is ordered that the judgment of the District Court be reversed and the cause remanded for a new hearing in the Bankruptcy Court. The Bankruptcy Judge should adopt findings of fact and conclusions of law.