**In re Alfred V. BENNETT, Janet L. Bennett, Debtors.**

**FIRST SAVINGS AND LOAN ASSOCIATION OF SAGINAW, MICHIGAN, Appellant,**

v.

**Alfred V. BENNETT and Janet L. Bennett, Debtors, and Raymond B. Johnson, Trustee, Appellees.**

**No. G81–244 C.A.**

United States District Court, W.D. Michigan, S.D.

Dec. 16, 1981.

Lamson, Humphreys, Snide and Clarke, Charles P. Hoffman, Jr., Saginaw, Mich., for appellant.

Chapter 13 Law Center, Steven J. Carpenter, Grand Rapids, Mich., for appellees.

## OPINION

NOEL P. FOX, Senior District Judge.

A mortgage foreclosure by advertisement was instituted against appellees, Alfred and Janet Bennett, in November 1979. The sheriff conducted a public sale of their home on January 4, 1980. Appellant, First Savings and Loan Association of Saginaw (hereinafter First Savings), was the mortgagee and only bidder at that sale. The sheriff executed a deed conveying the premises to First Savings, and this Sheriff's Deed was recorded on January 4, 1980. The deed provided for the statutory one year redemption period.

On December 22, 1980, the Bennetts filed a Chapter 13 petition with the United States Bankruptcy Court. *See,* 11 U.S.C. § 1301 et seq. As this court has previously discovered, Chapter 13 is a comprehensive and flexible system which enables an individual to repay his debts over time, while avoiding the psychological stigma of being adjudged a bankrupt. The goal of Chapter 13 is to provide a "fresh start" for the debtor, while ensuring equality in the treatment of creditors. *In re Polak,* 9 B.R. 502 (D.W.D.Mich.1981). When the Chapter 13 petition was filed, an automatic stay was entered protecting the debtors from collection attempts by the creditors. The mortgage arrearages were listed as a debt on the petition.

After the redemption period expired, First Savings filed a complaint in the bankruptcy court seeking an order awarding possession of the residence to First Savings, and evicting the Bennetts. The bankruptcy court treated this complaint as one seeking a modification or termination of the stay. After trial, the court held that no basis for relief had been shown. Judge Nims found that the property is necessary for the debt-

or's Chapter 13 plan, and First Savings' interest was adequately protected. First Savings has appealed the decision of the bankruptcy court denying the requested relief. The only real issue before this court is whether the findings of the bankruptcy court are "clearly erroneous."

■ After reviewing the law and the facts in this case, it is apparent that First Savings has not been deprived of any right in the property. Michigan law is clear that after foreclosure, legal title does not vest until the expiration of the redemption period. The court in *Bankers Trust Co. of Detroit v. Rose,* 322 Mich. 256, 260, 33 N.W.2d 783 (1948), stated:

> Legal title does not vest at once upon the auction sale on statutory foreclosure (Jones on Mortgages, § 1884), but only at the expiration of the period allowed for redemption.

The mortgagor does not lose all interest in the property until the time for redemption under the foreclosure decree expires. *Detroit Fidelity & Surety Co. v. Donaldson,* 255 Mich. 129, 237 N.W. 380 (1931). The purchaser at a foreclosure sale is not guaranteed that he is going to get a particular estate, or any estate in return for his purchase price. *National Acceptance Company v. Mardigian,* 259 F.Supp. 612 (E.D.Mich. 1966).

In this case, at the time the Chapter 13 petition was filed, appellees still retained an interest in their home. This interest, a statutory right of redemption, passed into the estate. 4 Collier on Bankruptcy, ¶ 541.-07[3] (15th ed. 1980). *Bank of the Commonwealth v. Bevan,* 13 B.R. 989, 7 B.C.D. 557 (D.E.D.Mich.1981). Code section 541(a) defines an estate in broad terms. It provides in relevant part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. *Such estate is comprised of all the following property, wherever located:*
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, *all legal or equitable interests of the debtor* in property as of the commencement of the case. (Emphasis added.)

Upon the filing of a petition in bankruptcy, an automatic stay takes effect which precludes certain action against the debtor or his property. *See,* 11 U.S.C. § 362(a). The legislative history of this section indicates that the stay provisions are a mechanism to protect both debtor and creditor. The debtor is relieved from further collection efforts, harassment, and foreclosure actions, and is permitted to work out his repayment. Creditors are protected by insuring that liquidation proceedings are orderly and all creditors are treated equally. Creditors who act first to obtain payment cannot prosper to the detriment of other creditors. H.R.Rept. No. 95–595, 95th Cong., 1st Sess. 340 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The purpose of § 362(a) is to freeze the debtor's financial relationships and conditions at the date of the petition. *In re Johnson,* 8 B.R. 371, 7 B.C.D. 222 (Bkrtcy.D.Mn.1981).

Section 362(d) declares that an automatic stay can be modified or terminated by the bankruptcy court, after notice and a hearing:

> (1) for cause, including lack of adequate protection of an interest in property of the applicant; or
>
> (2) as concerns a stay of an act against property; and
>
>> (a) the debtor has no equity in the property; and
>>
>> (b) it is not necessary to an effective Chapter 13 plan.

5 Collier on Bankruptcy, ¶ 1300.45[5] (15th ed. 1980).

Judge Nims found that the debtor was regularly employed and had been working for the same employer for the past seven years. The current mortgage payments are being made outside the plan, and the arrearages will be made up in less than one year. Judge Nims ruled that First Savings was adequately protected. The land was originally worth $8,000 and the home $17,-000. Recent valuations placed the value of the land at $27,500 and the home at $30,000. Since the amount due at the time of fore-

closure was $17,185.99, Judge Nims concluded that First Savings was protected by the large equity. Further, the debtors needed the home to carry out their plan.

The bankruptcy court relied on *Hallenbeck v. Penn Mutual Life Insurance Co.,* 323 F.2d 566 (4th Cir.1963), in denying appellant's request for modification of stay. That case held that a bankruptcy referee, exercising his discretion under the Wage Earner's Plan chapter of the Act, could enjoin the foreclosure of mortgaged property. The court stated that before a bankruptcy court enjoins any action to foreclose,

... in addition to usual equitable considerations, including debtor's good faith in submitting a plan and ability to perform it, at least three conditions should be met before this injunctive power can be exercised: (1) The injunction or stay must be necessary to preserve the debtor's estate or to carry out the Chapter XIII plan; (2) the granting of the injunction must not directly or indirectly impair the security of the lien; and (3) the owner of the secured indebtedness must not be required to accept less than the full periodic payments specified in his contract.

*Supra,* at 572. It is clear from the record that the bankruptcy court gave full consideration to these factors, and its decision is clearly supported. Other courts, including the Sixth Circuit Court of Appeals, have upheld the power of a bankruptcy court to protect the equity of redemption by enjoining state court foreclosure proceedings. *Chatman v. Daugherty,* 527 F.2d 691 (6th Cir.1975); *Matter of Freed & Co.,* 534 F.2d 1235 (6th Cir.1976).

■ This court has been presented with a narrow question: whether the bankruptcy court was clearly erroneous in refusing to modify the stay provisions. The Chapter 13 plan listed the mortgage arrearages as a debt and First Savings as a creditor. Under the Act, if a creditor believes that a proposed plan does not comply with any provision of Title 11, the creditor is entitled to object to confirmation. An objection to confirmation gives rise to a contested matter or adversary proceeding which is to be litigated by the parties directly involved. The hearing on confirmation is delayed pending a ruling on the objection. 5 Collier on Bankruptcy, ¶ 1324.01[3] (15th ed. 1980).

If all the requirements for confirmation, as set forth in § 1325(a) are met, the bankruptcy court is directed to confirm the plan. When a plan has been confirmed, it is binding on the debtor and on all creditors. Section 1327 provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

No objection to confirmation was filed by the bank, or by any other creditor or interested party, and the debtor's plan was confirmed on March 11, 1981. Under the Act, First Savings is bound by that plan. If First Savings had objections, those objections should have been raised at the confirmation hearing. The bankruptcy court could have ruled on the issue then. This court is not going to review whether the plan should have been confirmed in the first instance, and is not going to allow appellant to collaterally attack the plan now. The procedures for a modification of an automatic stay are explicit. 11 U.S.C. § 362(d). Appellant has failed to meet the burdens of that section.

Courts that have faced the broader issue have upheld the right of a debtor to cure any pre-acceleration defaults and to reinstate the original mortgage payment schedule. *In re Taddeo,* 9 B.R. 299, 7 B.C.D. 422 (Bkrtcy.E.D.N.Y.1981); *Hallenbeck v. Penn Mutual Life Insurance Company,* 323 F.2d 566 (4th Cir.1963). This is so despite the

fact that a foreclosure by advertisement had taken place, and a sale was held. The New York holdings that seem to limit the right to cure pre-acceleration defaults only before a sale has occurred appear to be irrelevant here. They are based on New York law that limits the right to redeem property to any time before an actual sale. *In re Lynch,* 12 B.R. 533, 7 B.C.D. 1159 (Bkrtcy.W.D.Wisc.1981).

It would appear that it is proper for a Chapter 13 debtor to pay off the arrearages and maintain the original mortgage payments as long as the petition is filed before the expiration of the redemption period. That issue has divided the bankruptcy courts, however, and courts have gone both ways. While the issue is a recurring one and an answer, at least in the Western District of Michigan, would be helpful, that issue is not really before this court, and was not briefed adequately by either side. The sole issue presented here was whether the bankruptcy court wrongfully denied First Savings' motion for modification of a stay. The standards for modification are clear, and it is obvious that those standards were not met by First Savings. If they wanted to appeal the greater issue of whether a debtor can stop the running of the redemption period and reinstate the original mortgage, an objection should have been made at the confirmation hearing, and a ruling on that question obtained from the bankruptcy court. That was not done in this case, and this court will not allow the confirmed plan to be collaterally attacked on appeal. First Savings does not appear to be prejudiced by this decision. The arrearages will be paid off within a year, and the current payments are being made outside the plan. Their interest is adequately protected. Therefore, the decision of the bankruptcy court denying relief from stay is affirmed.