**Robert JONES and Margaret Jones, Debtors/Appellants,**

v.

**Robert HERTZBERG, Trustee/Appellee.**

No. 84–CV–2831.

Bankruptcy No. 81–06737.

United States District Court, E.D. Michigan, S.D.

May 10, 1985.

Stuart A. Gold, Southfield, Mich., for debtors/appellants.

Robert S. Hertzberg, Birmingham, Mich., for trustee/appellee.

## MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

### PHILIP PRATT, District Judge.

Debtors Robert and Margaret Jones appeal the Bankruptcy Court's determination that proceeds from the sale of their residence belong to the Trustee, appellee Hertzberg. The central issue is whether the debtors had an interest in the proceeds from the sale of the house as tenants by the entireties. If they held such an interest, then they may be entitled to the proceeds as exempt property under 11 U.S.C. § 522(b)(2)(B). The bankruptcy court determined that the debtors did not possess such an interest. *In the Matter of Jones,* 31 B.R. 372 (Bkrtcy.E.D.Mich.1983). The debtors then filed a motion for reconsideration which was denied by the bankruptcy court. This appeal followed.[1]

The Joneses built a personal residence on which Calvin C. Hoeft Building, Incorporated ("Hoeft") held a mechanic's or construction lien. The total cost of the project was in excess of $350,000. On April 30, 1980, pursuant to a judgment of foreclosure of the mechanic's lien, the sheriff of Washtenaw County struck off and sold the Joneses' residence to Hoeft for the purchase price of $54,374.33. Michigan law provided that the redemption period for such sale is fifteen months which would have expired

for the Joneses on November 29, 1981. Mich.Comp.Laws Ann. ("M.C.L.A.") § 570.19, repealed by, § 570.1121 (Supp.1984) (eff. January 1, 1982). On November 23, 1981, however, the debtors filed their joint petition for relief under Chapter 11 invoking the automatic stay pursuant to § 362. At that time the Joneses held a right to redeem the residence. *See e.g.,* M.C.L.A. § 570.19, repealed by, § 570.1121 (Supp. 1984); *Detroit Fidelity & Surety v. Donaldson,* 255 Mich. 129, 237 N.W. 380 (1931); *In re James,* 20 B.R. 145 (Bkrtcy.E.D.Mich. 1982).[2] Not only was the redemption period stayed as provided by statute, but the bankruptcy court extended the stay. On January 31, 1982, Hoeft filed a petition with the bankruptcy court seeking to lift the stay. In an effort to persuade the bankruptcy court, Hoeft agreed to pay to the Trustee any proceeds from the sale of the residence which remained after the payment of mortgages and liens. On February 9, 1982, a full hearing was held on Hoeft's petition and the bankruptcy court entered an order lifting the stay, evicting the debtors and directing payment of the proceeds of the sale, minus liens and costs, to the Trustee. On March 3, 1982, the bankruptcy proceedings were converted to Chapter 7. On May 5, 1982, Hoeft sold the property at issue to Ricci for $435,000. On May 7, 1982, the bankruptcy court entered an order confirming the payment of expenses and liens on the sale and the turnover of the balance of the proceeds to the Trustee. Approximately $100,000 of proceeds were turned over to the Trustee and is the subject of this appeal.

Thereafter debtors filed an amended exemption schedule disclosing an election by Margaret Jones of the federal exemptions permitted by 11 U.S.C. § 522(b)(1) and an election of Robert pursuant to 11 U.S.C.

---

1. The parties stipulated to have the Court determine this appeal on the briefs.

2. Section 570.19 stated:

 Sales under such decrees shall be made in the same manner as in ordinary cases of mortgage foreclosure, unless otherwise directed by the court; and all lands sold under such order or decree of the court may be redeemed

at any time within 15 months from the time of filing such bill for foreclosure.

The law applicable to mortgage foreclosures can be found in the opinions of *Heimerdinger v. Heimerdinger,* 299 Mich. 149, 299 N.W. 844 (1941); *Detroit Fidelity & Surety Co. v. Donaldson,* 255 Mich. 129, 237 N.W. 380 (1931), and *In re James,* 20 B.R. 145 (Bkrtcy.E.D.Mich.1982).

§ 522(b)(2)(B) claiming the $100,000 proceeds as property held as tenants by the entireties. Section 522(b) provides in pertinent part:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

, (1) property that is specified under section (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(4) of this section specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.[3]

On June 29, 1983, the bankruptcy court conducted a hearing on Robert Jones' petition to turn over the proceeds pursuant to his claim under § 522(b)(2) that the proceeds were held as entireties property and exempt from being part of the bankruptcy estate. Jones argued that pursuant to § 522 he can claim exempt status to the proceeds of the sale from Hoeft to Ricci since he and his wife owned the residence jointly. The bankruptcy court disagreed and ruled that the proceeds was not property entitled to be exempt under § 522(b)(2). The debtors then filed this appeal. For the following reasons the determination of the bankruptcy court is affirmed.

 The primary difficulty in Robert Jones' contentions on appeal is his failure to show that he had *any* interest in the proceeds from Hoeft's sale of the house to Ricci—be his interest as a tenant by the entireties or otherwise. On April 30, 1980, the Joneses' personal residence was struck off and sold pursuant to a judgment of foreclosure. At that time Hoeft, as purchaser of the residence, held title to the property subject to the contingent interests of the Joneses. *See* M.C.L.A. § 570.19, repealed by § 570.1121.[4] The Joneses' interest was that of redemption and the right to rents and profits until the redemption period ended. *Heimerdinger v. Heimerdinger*, 299 Mich. 149, 299 N.W. 844 (1941); *Detroit Fidelity & Surety Co. v. Donaldson, supra; In re James, supra.* Presumably, the debtors also had a right to the proceeds from the *foreclosure sale*, on April 30, 1980, had such proceeds been realized and the debtors did not exercise their right to redeem. The foreclosure sale, however, did not yield any proceeds for the debtors to claim.

 When the bankruptcy court lifted the stay of the redemption period[5] and the

---

**3.** This section has been amended by the Bankruptcy Act of 1984. The amendment does not affect this appeal since it applies to cases filed 90 days after July 10, 1984. Section 553 of Pub.L. 98–353. The section now reads:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Bankruptcy Rules, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (1), where such election is permitted under the law of the jurisdiction where the case is filed. Such property is—

(2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

**4.** *See supra* note 2.

**5.** The debtors also challenge the propriety of the bankruptcy court's order lifting the stay. Their

period expired, Hoeft came to hold the full interests the Joneses possessed before foreclosure. Any interests of the Joneses then became extinguished. *E.g., Detroit Fidelity & Surety Co. v. Donaldson, supra.* In *In re James, supra,* the bankruptcy court correctly stated the various rights of the parties to a mortgage foreclosure which, pursuant to M.C.L.A. § 570.19, governs the construction lien situation as the case at bar.[6] The court stated:

> Under Michigan law, a purchaser at a foreclosure sale takes the property subject to the mortgagor's right of statutory redemption. The title thus conveyed to the purchaser is all the right, title and interest in the mortgaged premises which the mortgagor possessed when the mortgage was executed. This title vests in the purchaser only upon the expiration of the statutory redemption period. The mortgagor retains a significant amount of interest in the premises in addition to its statutory right of redemption; specifically, the mortgagor retains the right to possession and the right to rents and profits until the redemption period expires. The purchaser at the foreclosure sale also has an interest to be protected. He is entitled to the expectation of full title upon the expiration of the redemption period.

20 B.R. at 148 (citations omitted). This understanding is reflected in § 570.1121 which now controls foreclosures based upon a construction lien. That provision states in pertinent part:

> (3) In the order for the foreclosure sale, the court shall fix a period for redemption. The period of redemption shall not exceed 4 months. The sale shall be conducted in the same manner as a sale on execution. The sale shall become final, subject to the period of redemption, upon the entry of an order of confirmation by the court. Pursuant to section 1119(3) [§ 570.1119(3)] and subject to subsection (1), the foreclosure, upon becoming final, shall vest in the grantee named in the deed all the right, title, and interest in the real property which the owner, co-owner, lessee, or co-lessee whose interest is being foreclosed had at the date of the execution of the contract or at any time thereafter.

> (4) The court shall enter a final order directing the distribution of all the funds obtained from the foreclosure sale in accordance with the priorities of the parties as determined by the court. The court shall adjudicate the rights, if any, of lien claimants to a deficiency judgment against any owner or lessee contracting for an improvement. After the making of all payments directed by the court, any surplus from the proceeds of the sale of property on the foreclosure of a construction lien under this act shall be paid over to the owner, co-owner, lessee, co-lessee, or such other person as may be

argument is simply that the bankruptcy court's decision was unfair under the circumstances. This contention is without merit. First, the debtors did not appeal from that order of the bankruptcy court, but initially raise their argument on this appeal concerning a different bankruptcy court order. *See* Bankr.Rules, Rule 8001 (a) & (b).

Second and more importantly, the debtors have not established that the bankruptcy court erred. The debtors have not shown how the circumstances mandate that the stay should have remained in effect. Their conclusory assertion that the decision was unfair is not sufficient to establish that the bankruptcy court order should be reversed. The debtors have not shown that the bankruptcy court's order does not properly protect the property rights of the parties. The bankruptcy court may possess the equitable power to continue the stay of the redemption period, but the exercise of that power is limited. As the court noted in *In re James,* 20 B.R. 145, 150 (Bkrtcy.E.D.Mich.1982):

> Cases invoking equitable principles and relief generally involve situations where fraudulent conduct has occurred, or where a manifest injustice would occur absent equitable relief ... Equity is available to protect property rights of the innocent debtor from the wrongful acts of other persons; however, equity does not extend to situations in which the debtor is simply unable to make the required payment within the prescribed time.

*E.g., In re Headley,* 13 B.R. 295 (Bkrtcy.D.Colo. 1981). The debtors do not raise any arguments in the brief which would suggest that the bankruptcy court did not properly apply this standard.

**6.** *See supra* note 2.

entitled to the surplus. However, the surplus shall be subject to a subsequent judgment or execution under this act in the same manner as if the surplus was derived from a sale made under the subsequent execution.

Although this amendment does not formally govern this case because of its effective date, it is instructive in evaluating the soundness of the bankruptcy court's statement of Michigan law in *In re James.*

Hence, when the redemption period expired the Joneses no longer had any interest in the residence. Hoeft thereafter sold the property as holder of full rights to title. The Joneses had no rights to any proceeds gained from such a sale. But for the fact that Hoeft agreed to pay the proceeds to the Trustee, there was no legal obligation for those funds to be paid to the bankruptcy estate. Clearly, Robert Jones cannot claim an exemption to funds over which he has no rights.[7]

THEREFORE, the bankruptcy court order denying debtor Robert Jones exemption under 11 U.S.C. § 522(b)(2)(B) for the proceeds turned over to the Trustee is hereby AFFIRMED.

IT IS SO ORDERED.

---

7. The bankruptcy court ruled that Michigan law now would not recognize the proceeds from the sale of property held as tenants by the entireties as entireties property in the context of bankruptcy. It appears that the bankruptcy court went beyond what was necessary for the issue before it. Not only did the debtor not have any interest in the proceeds, but even if the court assumed that the proceeds were from the sale of property held as tenants by the entireties it is unlikely that Michigan courts would recognize the protection afforded by the entireties doctrine in the context of this case. One of the basic purposes of this doctrine is to protect marital property from the debts of the individual. *See e.g., DeYoung v. Mesler,* 373 Mich. 499, 130 N.W.2d 38 (1964); *Muskegon Lumber & Fuel Co. v. Johnson,* 338 Mich. 655, 62 N.W.2d 619 (1954). In the case at bar, the debt—in the form of a construction lien—was not simply against Robert Jones but against his wife also. Margaret Jones also filed bankruptcy with her husband. The debt was against marital property and both spouses filed for bankruptcy to avoid the finalization of foreclosure. Under these circumstances the protection afforded by the tenants by the entireties doctrine serves no useful purpose and would not be applied.