JOHN R. GIBSON, Circuit Judge.
The sole issue in this appeal meriting discussion is whether 11 U.S.C. § 362(a) (1982 & Supp. II 1984) automatically stays the statutory time period in which a debtor may cure the cancellation of a contract for deed. We hold that the running of this statutory time period is not automatically stayed under section 362(a), but rather is temporarily stayed pursuant to 11 U.S.C. § 108(b) (Supp. II 1984).
In March 1979, Carol and Marion Rieffer, as vendors, and Ralph and Dorothy Maanum, as vendees, entered into a contract for deed with respect to 880 acres of farm land located in Minnesota. The Maanums fulfilled their contractual obligations until 1985, when they failed to make their annual payment and failed to pay certain real estate taxes. Consequently, on July 9, 1985, the Rieffers served a notice of cancellation of the contract for deed pursuant to Minn.Stat. § 559.21.[1] Section 559.21 gave the Maanums 45 days to cure the default or else the contract would be void and they would lose their equitable interest in the land.
*460 On July 24, 1985, the Maanums filed Chapter 11 bankruptcy proceedings. Subsequently, the Rieffers filed a motion for a declaratory judgment in the bankruptcy court[2] contending that the automatic stay provision of 11 U.S.C. § 362(a) did not stay the 45-day statutory time period in which the Maanums could cure their default. The bankruptcy court agreed, ruling that the time period was stayed for only sixty days pursuant to 11 U.S.C. § 108(b). The district court,[3] relying primarily on Johnson v. First National Bank of Montevideo, 719 F.2d 270 (8th Cir.1983), cert. denied, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984), affirmed the bankruptcy court, and this appeal followed.
In Johnson, this court ruled that section 362(a) does not operate to suspend the running of a statutory time period. 719 F.2d at 275-79. Like the Maanums argue here, the bankrupt debtor in Johnson contended that section 362(a) tolled the running of a statutory time period — the one-year period of redemption Minnesota law allowed mortgagors in default to redeem their property. Relying on section 362(a)’s language, the court concluded that “Congress intended § 362(a) to prohibit only certain types of affirmative actions.” Id. at 276 (emphasis in original). Section 362(a) does not apply to situations, such as the present one, where even though a creditor takes no further action, property will automatically transfer to the creditor at the expiration of a statutory time period. Id. at 276-77.
The Maanums try to distinguish Johnson by noting the difference in the property interests of the respective debtors. In Johnson, the mortgagor in default retained “only the equity of redemption, plus the rights to possession, rents, and profits of the property during the period of redemption.” 719 F.2d at 276. On the other hand, a party in default to a contract for deed retains an equitable interest in the property during the statutory right to cure period. Minn.Stat. § 559.21, subd. 1; see In re S.R.A., Inc., 219 Minn. 493, 18 N.W.2d 442, 450-51 (1945), aff'd, 327 U.S. 558, 66 S.Ct. 749, 90 L.Ed. 851 (1946). While this distinction is relevant to what property interests are part of the bankruptcy estate, see 719 F.2d at 276, it does not bear on the issue in this appeal; regardless of the type of property interest affected, “§ 362(a) cannot be read to stay the mere running of a statutory time period.” Id.
Our conclusion that section 362(a) does not toll a statutory right to cure period is also based on the language of 11 U.S.C. § 108(b). Section 108(b) and section 362(a) are mutually exclusive; anything temporarily stayed under the specific language of section 108(b) is not indefinitely stayed by the more general language of section 362(a). 719 F.2d at 277-78. Among other things, section 108(b) governs any “applicable nonbankruptcy law [that] * * * fixes a period within which the debtor * * * may * * * cure a default.” We have no doubt that Minn.Stat. § 559.21 constitutes such a law.
The Maanums also argue that the courts below deprived them of an opportunity to introduce certain evidence and unconstitutionally deprived them of an opportunity to effectively reorganize. These contentions are without merit.
Based on the language of the relevant statutes and on this court’s analysis of those statutes in Johnson, the judgment of the district court is affirmed.
On Motion for Rehearing
The court has considered the petition for rehearing filed by appellees’ former attorney, Kurt Anderson, on behalf of the law firm Balyk and Anderson, Ltd., as a motion for an attorney’s lien. Mr. Anderson’s motion for an attorney’s lien is denied at the present time without prejudice to his right to refile the motion in the district court upon final disposition of this appeal on the merits by this court.
The petition for rehearing filed by appellees, the Rieffers, is denied as untimely filed.
The petition for rehearing en banc filed by appellants, the Maanums, is still pending before the court at this time.

. The relevant portion of the statute in effect at the time the Reiffers served the notice of cancellation states:
When default is made in the conditions of any contract for the conveyance of real estate or any interest in it executed after August 1, 1976, and prior to May 1, 1980, whereby the vendor has a right to terminate it, he may do so by serving upon the purchaser * * * a notice specifying the conditions in which default has been made, and stating that the contract will terminate * * * 45 days after service of the notice * * * unless prior thereto the purchaser complies with the conditions and pays the costs of service, the mortgage registration tax, if actually paid by the vendor, together with an amount to apply on attorneys’ fees actually expended or incurred * *.
Minn.Stat. § 559.21, subd. 1 (1984).

. The Honorable Margaret A. Mahoney, United States Bankruptcy Judge for the District of Minnesota.

. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.