**In re Lowell D. HENKE, Debtor.**

**Bankruptcy No. 87–40497.**

United States Bankruptcy Court,
D. Montana.

March 24, 1988.

---

John W. Larson, Missoula, Mont., for debtor.

Daniel P. McKay, Great Falls, Mont., for Larry Semenza.

Doug James, Billings, Mont., for John Hancock Mut. Life Ins. Co.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 11 case, a contract seller Semenza (Semenza) has filed a Motion under § 362 for relief from the automatic stay. After a response by the Debtor resisting the Motion, hearing was held on February 29, 1988, and both parties have now submitted memorandums in support of their respective positions.

The facts in this case show Semenza sold a ranch to the Debtor under a Contract for Deed dated June 8, 1982, for the sum of $1,500,000.00. At the time of the sale, Semenza owed a mortgage on the property to John Hancock Mutual Life Insurance Company (Hancock) which was specifically assumed by the Debtor on the date of the Contract for Deed. The escrow payments due under the contract called for semi-annual payments of $81,952.00, from which payment $69,077.33 was to be paid on the Hancock mortgage and the balance remitted to Semenza. The escrow record shows the last payment by the Debtor was on December 19, 1987, for $20,000.00, which is presently being held by the escrow holder, since Hancock refused to accept the payment on its mortgage. Semenza filed a proof of claim in the amount of $1,274,128.44 which includes the balance due on the Hancock mortgage of $1,164,112.07. Semenza and the Debtor concede the Hancock mortgage is a first lien on the property, and has not gone to foreclosure. Semenza valued the ranch on February 29, 1988, at $1,050,000.00, which is less than the Hancock mortgage balance, thus leaving Semenza unsecured and Hancock undersecured. Due to the unsecured position of Semenza, his Motion under § 362 of the Code was denied by this Court, which left open the question of whether the ranch was property of the estate due to § 108(b) of the Code. Hancock has not filed a Motion for relief from the stay. Semenza claims the Debtor has failed to preserve the property for the benefit of the estate by failing to cure a notice of default given to the Debtor pursuant to the contract within 60 days of the filing of the Chapter 11 case, and thus under this Court's holding in *In re Eldorado, Inc.*, 85 B.R. 555, 5 Mont.B.R. 60, (Bankr.Mont.1987), the rights of Debtor in the contract, and therefore to the property have terminated.

In *Eldorado*, I held a Contract for Deed in default, after notice of default was interrupted by the filing of the Chapter 11 petition, had to be cured within 60 days of the Order of relief under § 108(b) of the Code, since the automatic stay provisions of § 362 were not applicable. The *Eldorado* holding has been followed by this Court in *In re Gomes Ranch*, 85 B.R. 558, 5 Mont. B.R. 198, 199 (Bankr.Mont.1987), where it is stated:

"In the case *sub judice*, the Debtor's rights to cure the default were interrupted by the Chapter 12 petition. This interruption invokes Sections 541(a) and

108(b) of the Bankruptcy Code. These Sections are invoked regardless of whether the Debtor is Chapter 11 or Chapter 12, for Sections 541 and 108 apply to both chapters. In this case the Debtor defaulted on a Contract for Deed and as such cannot have the benefit of § 365. *In re Rehbein,* 60 B.R. 436 (BAP 9th Cir.1986). Without the 365 election, this Debtor is entitled only to the relief from the provisions of § 108(b). This Court finds the Debtor has not cured the default within 60 days of the filing of its petition, and as such, all its rights in the Contract for Deed have terminated."

The Debtor in this case argues the Contract for Deed is executory, and therefore § 362 and § 365 apply. Further, Debtor argues *Eldorado* should be re-visited by this Court, and reversed. I take up the latter issue first.

■ Recent case holdings lead this Court to conclude that the holdings of *Eldorado* and *Gomes* as applied to Contracts for Deed which are not executory contracts is correct. The case of *In re Maanum v. Rieffer (Maanum v. Rieffer),* 828 F.2d 459, 460 (8th Cir.1987) holds, in following *Johnson v. First National Bank of Montevideo,* 719 F.2d 270 (8th Cir.1983), cert. denied, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984):

"In *Johnson,* this Court ruled that Section 362(a) does not operate to suspend the running of a statutory time period, 719 F.2d at 275–79.

\*    \*    \*    \*    \*    \*

The Maanums try to distinguish *Johnson* by noting the difference in the property interests of the respective Debtors. In *Johnson,* the mortgagor in default retained 'only the equity of redemption, plus the rights to possession, rents, and profits of the property during the period of redemption.' 719 F.2d at 276. On the other hand, a party in default to a Contract for Deed retains an equitable interest in the property during the statutory right to cure period. MINN.STAT § 559.21, subd. 1; *See In re S.R.A. Inc.,*

219 Minn. 493, 18 N.W.2d 442, 450–51 (1945), aff'd 327 U.S. 558, 66 S.Ct. 749, 90 L.Ed. 851 (1946). While this legislation is relevant to what property interests are part of the Bankruptcy estate, *See* 719 F.2d at 276, it does not bear on the issue in this appeal; regardless of the type of property interest affected, '§ 362(a) cannot be read to stay the mere running of a statutory time period.' *Id.*

Our conclusion that Section 362(a) does not toll a statutory right to cure periods is also based on the language of 11 U.S.C. § 108(b). Section 108(b) and Section 362(a) are mutually exclusive; anything temporarily stayed under the specific language of Section 108(b) is not indefinitely stayed by the more general language of Section 362(a), 719 F.2d at 277–78. Among other things, Section 108(b) governs any 'applicable non bankruptcy law [that] \* \* \* fixes a period within which the Debtor \* \* \* may \* \* \* cure a default.' We have no doubt that Minn. STAT. § 559.21 constitutes such a law.[1]"

In Montana, like in Minnesota, a Contract for Deed is indeed different from a mortgage or trust indenture on real property. The most recent pronouncement of such principle came from the Montana Supreme Court on February 18, 1988, in the case of *Burgess, et. al. v. Shiplet,* —— Mont. ——, 750 P.2d 460, 45 St.Rep. 293, 295, where the Court noted:

"Appellants contend that the District Court erred by treating the contract for deed as a mortgage.

Subsequent to the District Court's findings of fact and conclusions of law in the case now before us, this Court, in December, 1987, held that '(a) contract for deed is not the same legal concept as a mortgage under Montana law.' *Aveco Properties, Inc. v. Nicholson* (Mont.1987), 747 P.2d 1358, 44 St.Rep. 2098, 2102. *See* also *Glacier Campground v. Wild Rivers, Inc.* (1978), 182 Mont. 389, 597 P.2d 689, (a contract for deed and a mortgage are 'distinct legal creatures.')

---

**1.** Minn. STAT. § 559.21 requires the giving of 45 days notice to cure a default under a Contract

for Deed of real estate, and thereafter, the contract terminates if no cure is made.

When a purchaser enters into a contract for deed with a seller, he or she runs the risk of defaulting on the required payments and facing the consequences of losing the property along with forfeiting the amount already paid. If this produces a harsh or unwanted result, it is for the legislature to remedy and not the job of this Court to change the plain meaning of the contract.

In the case before us, the contract for deed provides that upon their default buyers have 30 days in which to correct the default or sellers are entitled to demand, within 30 days, full payment of the unpaid balance of the purchase price plus accrued interest. If the buyer fails to pay the total unpaid balance in 30 days, the agreement terminates and the property is returned to the seller."

As noted in *Maanum,* supra, under Bankruptcy law, the different cure provisions in a Contract for Deed or a redemption period under a mortgage are unimportant in applying § 362(a) or 108(b). If the Contract for Deed is not executory, under § 108(b) the Debtor-buyer's right to cure a default under the agreement is extended for a period of sixty (60) days from the petition date, and thereafter, without cure, the contract rights in the property terminate.

"Section 108(b) has been used in a number of different circumstances to extend statutory or contractual time periods. E.g., *In re Mather Eighty, Inc.,* 69 B.R. 561 (Bktcy.M.D.Fla.1987) (escrow agreement); *In re G–N Partners,* 48 B.R. 462 (Bktcy.D.Minn.1985) (option agreement); *Prudential Investments, Co. v. Physique Forum Gym, Inc.,* 27 B.R. 691 (Bktcy.D.Md.1982) (lease agreement). *See* also *In re Stern,* 50 B.R. 285 (Bktcy. E.D.N.Y.1985) (stock buy-out agreement). Most noticeably in the areas of mortgage foreclosures [*Martinson v. First Nat'l Bank,* 731 F.2d 543 (8th Cir. 1984); *Johnson v. First Nat'l Bank,* 719 F.2d 270 (8th Cir.1983); *Kjeldahl v. United States,* 52 B.R. 916 (D.Minn 1985) ] and Contract for Deed cancellations [*Maanum v. Rieffer,* 828 F.2d 459 (8th Cir.1987); *In re Crawley,* 53 B.R. 40

(Bktcy.D.Minn.1985); *In re Cureton,* 38 B.R. 279 (Bktcy.D.Minn.1984) ].

In each case, § 108(b) extended the time for the Trustee to act, at the expense of the creditor."

*In re Econo–Therm Energy Systems Corporation,* 80 B.R. 137, 140 (Bankr. Minn.1987).

And it is noted in *Counties Contracting & Construction Company v. Constitution Life Insurance Company,* 81 B.R. 306, 308–09 (D.E.D.Pa.1987), dealing with extension of a grace period in an insurance policy:

"Neither the research of the parties nor that of the Court has revealed any case directly on point. However, both parties rely on cases applying the stay provisions of the Bankruptcy Code to the running of statutory redemption periods following mortgage foreclosures. I agree that those cases provide a close analogy. While there is a split among the circuits as to whether Section 362 or Section 108(b) controls in that situation, I note that the majority of courts which have considered the question, including the only circuit court to have directly faced the question, have held that the 60 day extension of Section 108(b) is to be applied. *Johnson v. First Nat'l Bank of Montevideo, Minn.,* 719 F.2d 270 (8th Cir.1983), cert. denied, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *In re Kangas,* 46 B.R. 102 (Bankr.D.Minn. 1985); *In re Hand,* 52 B.R. 65 (Bankr.M. D.Fla.1985); *In re Construction Leasing & Invest. Corp.,* 20 B.R. 546 (Bankr. M.D.Fla.1982). *See* also *In re 29 Newbury Street, Inc.,* 75 B.R. 650 (Bankr.D. Mass.1987) (section 108(b) applies to statutory right to cure a rent default); *In re Players' Pub. Inc.,* 45 B.R. 387 (Bankr.D. Mass.1985) (same); *In re G–N Partners,* 48 B.R. 462 (Bankr.D.Minn.1985) (debtor entitled only to 60 days extension to act on option to purchase real estate); *In re P.I.N.E., Inc.,* 52 B.R. 463 (Bankr.W.D. Mich.1985) (no extension of time in which debtor could comply with 'unless' clause in oil and gas lease requiring debtor to either make payment or begin drilling by certain date). *But see In re Carr,* 52

B.R. 250 (Bankr.D.Mich.1985); *In re St. Amant*, 41 B.R. 156 (Bankr.D.Conn. 1984); *In re H & W Enterprises, Inc.*, 19 B.R. 582 (Bankr.N.D.Iowa, 1982); *In re Shea Realty, Inc.*, 21 B.R. 790 (Bankr.D. Vermont, 1982); *In re Sapphire Investments*, 19 B.R. 492 (Bankr.D.Ariz.1982); *In re Johnson*, 8 B.R. 371 (Bankr.D. Minn.1981); *In re Bennett*, 29 B.R. 380 (Bankr.W.D.Mich.1981); *In re Dohm*, 14 B.R. 701 (Bankr.N.D.Ill.1981).

The Third Circuit has not directly addressed this issue. However, important dicta contained in a recent case make clear that the Third Circuit would adopt the majority position. *In re Roach*, 824 F.2d 1370, 1372, n. 1 (3d Cir.1987). Although the District Court is not technically bound by dicta in an appellate court opinion, I am persuaded by *Roach* and by the rationale of many cases which have held that Section 108(b), and not Section 362(a), should be applied to the running of a statutory redemption period. I am persuaded that the same rationale should apply to the present case."

I believe *Eldorado* and *Gomes* are in accord with the majority decisions on the issue, which articulate the better reasoned approach to § 362 and § 108(b) in cases where the contract is not executory.

The creditor further raises the case of *In re Santa Fe Development, Inc.*, 16 B.R. 165 (9th Cir. BAP 1981) as providing an extensive discussion of 108(b), which he contends was applied to an executory contract situation. *Santa Fe* was quoted in *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1215 (7th Cir.1984), which held:

"that § 108(b) does not apply to curing defaults in executory contracts, § 365 specifically governs the time for curing defaults in executory contracts, and thus it controls here."

At footnote 15, *Moody* states:

" * * *

*Santa Fe*, applied § 108(b) to permit the Debtor to make a payment to extend an escrow. The analysis did not deal with curing a default under an executory contract." *Id.* at 1215.

The Debtor says *Moody* incorrectly applies the holding of *Santa Fe* so that *Eldorado* should not have relied on *Moody* for the proposition that § 108(b) does not apply to executory contracts. The Debtor, not *Moody* or *Eldorado*, has misstated the argument. *Santa Fe*, in the majority opinion, did not consider whether the option agreement was executory, thereby making § 365 applicable, as did the concurring opinion of Judge Volinn. *Santa Fe* applied § 108(b) to the option period, and never considered whether a different result would obtain if the contract was executory so that § 365 thereby applied.

■ I hold further that in an executory contract situation, § 365, not 108(b), applies, and the creditor may obtain the same result by filing a Motion to have the Debtor assume the executory contract, and thereby cure the default as is required under § 365, or reject the executory contract, and terminate the estate's interest in the property. Under § 108(b), the cure must likewise be made, or the contract is terminated. The vital distinction between § 365 and § 108(b) lies in the case where the creditor takes no action, and in that situation in a Chapter 11 case, assumption or rejection of the executory contract can be delayed to the time of confirmation of the Plan, unless it involves an unexpired lease of non residential property or a shopping center lease, wherein a 60 day provision to cure applies. § 365(b)(2) and (4) (Debtor may assume an executory contract at any time before confirmation of a Plan, but upon request of any party, Court may order the Debtor to assume or reject such interest within a specified period of time). In sum, *Santa Fe* cannot be read other than as applied in *Moody*. I fail to follow the Debtor's argument, for, if the contract is not executory, Section 108(b) must be applied, and if the Contract for Deed is executory, then Semenza must seek assumption or rejection of the contract before confirmation if he desires an immediate cure of the contract.

■ While the Debtor seeks to apply § 365, he has failed to point out how the Contract for Deed is executory. Therefore,

I shall make such analysis. The contract provides for a $200,000.00 down payment and payments of the balance until 1992, when the entire balance is due. As noted above, the assumption of the Hancock mortgage and its payment coincides with the contract terms. However, three provisions of the contract require performance by the seller, other than acceptance of payment. An integral part of the contract deals with assumption and payment of the Hancock mortgage. The contract provides the buyer shall exercise his best efforts to assume the mortgage, and if successful, the seller is then released from that obligation, and upon such occurrence, the seller has the obligation to amend the Contract for Deed, restate the balance due the seller and receive a second mortgage on the property. Further, as to the Hancock mortgage, if payments under the contract are not made, the seller shall have the same rights and remedies upon default as does Hancock, which includes increasing the contract rate of interest equal to Hancock's penalty interest specified in its mortgage. Finally, in the event the buyer desires to assign the contract and sell his interest in the property, the seller must consent, and without such prior consent (which cannot be unreasonably withheld), no assignment or sale can be effected. All of these conditions are material obligations of the parties under the contract, which are mutual and binding upon the parties. In *Griffel v. Wegner (In re Wegner)*, 839 F.2d 533, 5 Mont.B.R. 305 (9th Cir.1988), the Court held:

> "Whether a contract is executory within the meaning of the Bankruptcy Code is a question of federal law. *Benevides v. Alexander, (In re Alexander)*, 670 F.2d 885, 888 (9th Cir.1982). Although the Code does not define "executory contract", Courts have generally defined such a contract as one which performance is due to some extent on both sides. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 522 N.6 [104 S.Ct. 1188, 1194 n. 6, 79 L.Ed.2d 482] (1984). Also, in executory contracts the obligations of both parties are so far unperformed that failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other. *Pacific Express, Inc. v. Teknekron Infoswitch Corp. (In re Pacific Express, Inc.)*, 780 F.2d 1482, 1487 (9th Cir.1986). The question of the legal consequences of one parties failure to perform its remaining obligations under a contract and whether one of the parties' failure to perform its remaining obligations would give rise to a material breach is an issue of state contract law. *Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339, 1348 N.4 (9th Cir.1983)." *Id.* at 309.

In *Wegner*, the Court found the sellers obligation to provide a bill of sale to cattle periodically sold under the contract was a material obligation of the seller which made the contract executory. Likewise, in this case, Semenza's obligations to restructure the Contract for Deed into a mortgage is a mutual obligation on his part, as is his required consent upon sale or assignment. The contract thus is executory, so that based upon the above decisions, Sections 362 and 365 apply, not § 108(b).[2]

IT IS ORDERED the Motion for relief from stay filed by Larry Semenza is denied in all respects.

---

2. This conclusion is consistent with *In re Rehbein*, 60 B.R. 436 (9th Cir. BAP 1985) which held that where only payment on the contract was left to be performed by the buyer, the contract was not executory. *Rehbein* further held at 60 B.R. 441:

"This Court does not hold that Contracts for Deed can never be executory. We hold only that where the Debtor has already placed the deed in escrow and has no other material obligations to perform, a Contract for Deed is not executory."