## In re HIGHLAND ACRES, INC., Debtor.

### Bankruptcy No. 90–40431–012.

United States Bankruptcy Court,
D. Montana.

July 26, 1990.

James P. Volk, Great Falls, Mont., trustee.

James A. Patten, Billings, Mont., for John D. Lasar, et al.

Kenneth R. Neill, Great Falls, Mont., for debtor.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 12 case, secured creditors Lasar et al. (Lasar) have filed a Motion under Section 365 of the Bankruptcy Code to require the Debtors to Assume or Reject an Executory Contract. The issue presented upon the Briefs filed by the parties is whether a Contract for Deed for the sale and purchase of Debtor's farm is an executory contract under § 365 of the Code.

The Contract for Deed was executed April 11, 1978, providing for payment by the Debtor to the sellers of $300,200.00, with a down payment of $75,050.00, and annual installments of $20,644.00 at 7¾% interest until March 31, 2004, when the

final balance became due. The contract reserved mineral interests in the Seller, together with access to explore and recover such minerals. According to Lasar, two provisions of the contract render it executory, to-wit:

"SURFACE DAMAGES DUE TO MINERAL EXPLORATION. Seller agrees to indemnify or compensate Purchaser for any surface damages caused by any drilling operations conducted upon the above described property by any lease or assignee of Seller engaged for the purpose of exploring for and recovering any oil, gas, coal, hydrocarbons, or any and all other minerals located in and under said property.

SUBORDINATION. On or after January 1, 1991, Seller agrees to subordinate Seller's interests in this contract in and to the security being provided by Purchaser in favor of the lender of any sum of money loaned or to be loaned to the Purchaser for Purchaser's obligations, but in no event in excess of One Hundred Thousand and no/100 Dollars ($100,-000.00)."

The deeds were deposited in escrow, and await delivery upon final payment. No exploration for minerals has been made by the Seller. The payments went into default, with $201,000.00 due on the contract. Under the proposed Chapter 12 Plan, Debtor has valued the Lasar property at $112,-000.00, and proposes to pay that sum over 20 years in annual installments of $13,-155.00 at 10% interest.

*In re Henke*, 84 B.R. 693, 698 (Bankr. Mont.1988) following court decisions from the Ninth Circuit holds citing *Griffel v. Wegner (In re Wegner)*, 839 F.2d 533, 5 Mont.B.R. 305 (9th Cir.1988):

" 'Whether a contract is executory within the meaning of the Bankruptcy Code is a question of federal law. *Benevides v. Alexander, (In re Alexander)*, 670 F.2d 885, 888 (9th Cir.1982). Although the code does not define "executory contract", Courts have generally defined such a contract as one which performance is due to some extent on both sides. *NLRB v. Bildisco & Bildisco*, 465 U.S.

513, 522 N.6 [104 S.Ct. 1188, 1194 n. 6, 79 L.Ed.2d 482] (1984). Also, in executory contracts the obligations of both parties are so far unperformed that failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other. *Pacific Express, Inc. v. Teknekron Infoswitch Corp., (In re Pacific Express, Inc.)*, 780 F.2d 1482, 1487 (9th Cir.1986). The question of the legal consequences of one parties failure to perform its remaining obligations under a contract and whether one of the parties' failure to perform its remaining obligations would give rise to a material breach is an issue of state contract law. *Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339, 1348 N. 4 (9th Cir.1983).' " *Id.* at 536.

*See also, In re Aslan*, 909 F.2d 367 (9th Cir.1990), adopting the *Alexander* case definition on executory contracts.

It seems apparent to the Court that both provisions of the contract cited above are covenants, and if brought into play and breached by the Seller, would not excuse performance under the contract of the Buyer. Indeed, at the date of the Chapter 12 Petition, neither provision was unperformed. In other words, the failure of Seller to complete performance would only result in an action for damages as to the mineral reservation clause or an action for specific performance as to the subordination clause, but would, in no event, excuse the Buyer from making further payments under the contract. Moreover, both provisions call for happening of future events, neither of which have yet occurred. The subordination clause lies squarely in the discretion of the Buyer, and even if triggered, as I read the clause, the $100,000.00 loan would have to be paid over to the Seller "for purchaser's obligations" under the contract. Likewise, there is no mandatory duty of Seller under the contract to explore for minerals. But if the Seller, in its discretion, elects to do so in the future, and surface damage does occur, the Seller has, by the damage clause, contractually obligated itself to damages, which does not excuse any performance by the Buyer un-

der the contract. Under the Countryman definition of executory contract, Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.R. 439 (1973); *Part II*, 58 Minn.L.Rev. 479 (1974)[1], expressly approved by *Wegner*, supra, *Alexander*, supra, *Pacific Express*, supra and *Aslan*, supra, the Seller's duty under the subordination and surface damage clauses could never rise, and have not risen, to the level of being material to a breach of the entire contract which would excuse Debtor's performance.

In accordance with *Wegner*, supra, one must look to state law as to the "legal consequences of one parties failure to perform its remaining obligations under a contract * * *." The Montana law on this matter is well-settled and stated in *Atlantic Pacific Oil Co. v. Gas Development Co.*, 105 Mont. 1, 69 P.2d 750 (1937), where the Court, following Montana statutory law, discussed in depth the difference between conditions precedent, conditions subsequent, and covenants. The court explained:

> "A 'condition precedent' is one that is to be performed before the agreement becomes effective and which calls for the happening of some event or the performance of some act after the terms of the agreement have been agreed on, before the contract shall be binding on the parties. (citing cases).
>
> \*     \*     \*     \*     \*     \*
>
> \* \* \* 'Condition subsequent' operates upon the estate already created and vested, rendering it liable to be defeated if condition is broken. (citing case).
>
> \*     \*     \*     \*     \*     \*
>
> Conditions must be strictly construed. (citing cases). When in doubt whether a clause in a deed is a condition precedent, condition subsequent, or a covenant, courts will construe it as a covenant. (citing cases).
>
> \*     \*     \*     \*     \*     \*

A 'covenant' is an agreement between parties to do or not to do a particular act. (citing cases). A 'condition' differs from a covenant. 'A condition is created by mutual agreement of the parties and is binding on both; whereas a covenant is an agreement of the covenantor only. * * * The difference between a covenant and a condition relates largely to the remedy. If the breach of the agreement pertains to the validity of the instrument or is a ground of forfeiture, it is a condition; but, if the remedy for a breach is merely an action at law for damages, then the agreement is a covenant. The legal responsibility for non-fulfillment of a covenant is that the party violating it must respond in damages. The consequences of non-fulfillment of a condition is a forfeiture of the estate. 12 C.J. p. 402.'" *Id.* 69 P.2d 754–757.

The two provisions relied upon by Lasar are clearly covenants in the contract, the breach of which could not defeat the estate or title of the Debtor through forfeiture, and excuse Debtor's performance to pay. As an example, Debtor's obligation to pay is a condition subsequent, breach of which could cause forfeiture of the entire contract and Debtor's interest in the property. In sum, each clause provides independent remedies to the Debtor, which would be triggered by Seller's breach only in the event of each future contingency happening, but are not material to the continued existence of the contract as a whole. I hold the Contract for Deed is not executory.

IT IS ORDERED Lasar's Motion to assume or reject the executory contract is denied.

---

1. For a thorough discussion of case authorities dealing with land installment contracts under § 365, the Countryman definition and *In re Rehbein*, 60 B.R. 436 (9th Cir. BAP 1986), see *In re McDaniel*, 89 B.R. 861, p. 869–876 (Bankr.E.D. Wash.1988).